O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARINE AMIKHANYAN et al,

               Plaintiff,

    v.

LAURIE SELBER SILVERSTEIN et al,

               Defendants.

Case No.: 2:25-cv-07794-MEMF-AGR

**ORDER GRANTING MOTION TO SET
ASIDE ENTRY OF DEFAULT [DKT. NO. 49]**

Before the Court is Brewster Johnson's Motion to Set Aside Entry of Default. Dkt. No. 49 ("Motion"). For the reasons stated herein, the Court GRANTS the Motion.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I.    Background

### A.  Factual Background[1]

#### i.   The Loan

Plaintiff Marine Amikhanyan and Defendant Brewster Johnson are residents of California. Compl. ¶¶ 1-13. Johnson is employed as the Governor and President for Defendant PS Funding, Inc. *Id.* ¶ 7.

On February 2, 2021, Amikhanyan borrowed from PS Funding $665,000 at an interest rate of 8.990%, secured by real property. *Id.* ¶ 13. The loan had a maturity date of March 1, 2023. *Id.* Amikhanyan signed a Note and Deed of Trust. *Id.* Amikhanyan paid on time mortgage payments to PS Funding of $4,981.96 from February 2, 2021 to March 1, 2023, and made three additional mortgage payments from March 1, 2023, to June 2023. *Id.* ¶ 14. In June 2023, PS Funding informed Amikhanyan that it could not accept payments and should not have accepted Amikhanyan's three payments from March 1, 2023, to June 2023 as it was in Chapter Eleven bankruptcy. *Id.* ¶ 15. PS Funding's bankruptcy was assigned to Judge Laurie Selber Silverstein and was subject to an automatic stay under 11 U.S.C. § 362. *Id.* ¶ 16.

In August 2023, Amikhanyan received a Notice of Default and Election to Sell Under Deed of Trust from California TD Specialist, an affiliate of PS Funding. *Id.* ¶ 17. Amikhanyan attempted to contact California TD Specialist, but California TD Specialist refused Amikhanyan's request. *Id.* In December 2023, California TD Specialist sent Amikhanyan a Notice of Trustee's Sale, claiming that Amikhanyan owed PS Funding $764,180.97 and that the sale would take place on December 27, 2023, at 10:30 a.m. *Id.* ¶ 18. Amikhanyan then contacted Jennifer Duran, a real estate negotiator for assistance on the upcoming auction. *Id.* ¶ 19.

In January 2024, California TD Specialist held the Trustee's Sale and provided a Demand for Payoff regarding Amikhanyan's loan. *Id.* ¶ 21. Romy Lasam signed off on the demand, indicating that the Lender Agrees with the Amount in the Demand for the loan payoff. *Id.*

---

[1] Except as otherwise indicated, the following factual background is derived from Amikhanyan's Complaint. Dkt. No. 1 ("Compl."). The Court includes these allegations only as background and makes no finding on whether they are true.

During negotiations with California TD Specialist, Duran requested an extension of time to meet with the perspective private lender, and the extension was granted providing a new payoff date of April 15, 2024. *Id.* ¶ 22. During the negotiations, Amikhanyan was informed to file Chapter Thirteen bankruptcy for the amount owed under the loan. *Id.* ¶ 23. Amikhanyan's bankruptcy petition regarding the property loan was discharged as the writer of the petition did not mark the box to contest California TD Specialist's motion to discharge the property from the petition. *Id.*

### ii. Trustee Sale

On April 16, 2025, California TD Specialist initiated a Trustee Sale on the property. *Id.* ¶ 24. The Auction Levying Officer issued a Post Foreclosure Trustee Sale, rather than a regulatory Trustee's Sale, and did not inform any bidder that the property was subject to a Mandatory California Redemption Law and California Code of Civil Procedures 729.030. *Id.*

### iii. Bidder

On April 16, 2024, Paladar Capital Investments, L.P. ("Paladar"), a bidder claiming to be at the Amikhanyan's property auction, filed an unverified Complaint against Amikhanyan for declaratory relief and quiet title. *Id.* ¶ 28. Amikhanyan filed an Answer on April 26, 2024, and an amended Answer on May 22, 2024. *Id.* ¶¶ 29-30. Paladar amended its Complaint on May 22, 2024. *Id.* ¶ 31. The amended Complaint alleged that Mona Elalami filed a false affidavit claiming to be the highest bidder at the April 16, 2024, auction. *Id.* ¶ 33.

Defendant Mona Elalami had not produced her Affidavit as she claimed in the month of April 2024. *Id.* ¶ 34. She claimed she was the highest bidder at the said auction on the "Subject Property" as stated also in Paladar's amended Complaint. *Id.* She lied and instead, allowed her father Defendant Zeyad R. Elalami and Luxor Funding Group, Inc., to act as a Lender for another bidder, Defendant Walid Wasifi, who bid on the Property and was the highest bidder. *Id.* Essentially, Luxor Funding Group and Zeyad R. Elalami provided monies to Wasifi to purchase the Property at the foreclosure auction. *Id.* Luxor was "Not Licensed" as a California Lender with California Department of Protection and Innovation nor was Luxor registered with the National Mortgage Licensing Act and Registry System. *Id.* ¶ 37. Luxor Funding Group and Zeyad R. Elalami allegedly knew that PS Funding was in a Chapter Eleven proceeding in the Wilmington, Delaware District

Bankruptcy Court and took advantage of PS Funding's Bankruptcy situation and added themselves to the auction bidding as though Mona Elalami bid. *Id.* ¶ 39. Lasam and their associate California TD Specialist commenced with a Trustee Sale of the Subject Property on April 16, 2024, and commenced with a Notice of Default and Notice of Trustee Sale of the Subject Property starting in 2023 through 2024 with PS Funding. *Id.* ¶ 34. Lasam issued a Trustee Deed Upon Sale to Wasifi, and thus allowing their associate, California TD Specialist, to commence with a Trustee Sale on the Subject Property, while PS Funding was under the Bankruptcy Court Judge's Automatic Stay Order. *Id.* ¶¶ 41-42.

On June 17, 2024, Amikhanyan mailed and had independent confidential mail carried to service to Defendants Zeyad Elalami and Wasifi a request for information as to the Notice to Occupant to Vacate Premises. *Id.* ¶ 45. Wasifi had filed in Van Nuys Superior Court of California, Case Number: 24VEUD01210, numerous Ex-Parte Unlawful Detainer Motions to evict the Amikhanyan from the Subject Property. *Id.* Wasifi filed for a Writ of Possession. *Id.* Amikhanyan had not received any kind of notice from Wasifi, and due to that his false swearing, the court issued the writ in February of 2025. *Id.*

On May 9, 2025, while Amikhanyan and her husband left to work that morning, Wasifi, Zeyad Elalami and Zeyad Elalami's Brother, Mamdouh Elalami, went with a Peace Officer under a Peaceful Escort to change the Subject Property's Locks while the Amikhanyan and her husband, Gevork Avetisyan, were at work, and upon returning, Amikhanyan could not enter the Subject Property and was not able to retrieve basic care items and necessities. *Id.* ¶ 46.

### A. Procedural Background

On August 20, 2025, Amikhanyan filed suit in this Court. *See generally* Compl. The Complaint asserted twenty-five causes of action: (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) fraud and misrepresentation, (4) fraud in factum, (5) violation of notice law, (6) violation of disclosure law, (7) violation of California Financial Code § 22000 *et seq.*, (8) violation of the S.A.F.E. Act, (9) violation of the National Mortgage Licensing Act and Registry System, (10) fraud and misrepresentation upon the FHA, (11) violation of 42 U.S.C. § 1986, (12) violation of 18 U.S.C. §§ 241 and 242, (13) violation of 18 U.S.C. § 1001, (14) violation

of 18 U.S.C. § 1621, (15) violation of 18 U.S.C. § 1341, (16) violation of 18 U.S.C. § 1343, (17) violation of California Business and Professional Code § 17200, (18) usury, (19) unlawful foreclosure, (20) violation of California Senate Bill 1079, (21) fraud and misrepresentation upon California Senate Bill 1079, (22) illegal eviction, (23) violation of ponzi schemes, (24) violation of the RICO Act, and (25) Intentional Infliction of Emotional Distress. *See id.*

On October 8, 2025, Amikhanyan filed an Application for Entry of Default on Johnson. Dkt. No. 29. On October 10, 2025, the clerk entered default against Johnson. Dkt. No. 24.

On January 20, 2026, Johnson filed the instant Motion. Motion. Amikhanyan did not file an Opposition.

## I.      **Applicable Law**

The Federal Rules of Civil Procedural provide that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). When determining whether good cause exists to justify setting aside an entry of default, a court considers three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether the party had any meritorious defense; and (3) whether reopening the default judgment would prejudice the other party. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* Most importantly, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

## II.      **Discussion**

Johnson moves for an Order vacating the default entered against him on October 10, 2025. Dkt. No. 24. Johnson contends that good cause exists for the Court to vacate the default because: (1) he did not engage in culpable conduct leading to the default; and (2) he has multiple meritorious defenses. *See generally* Motion. For the reasons stated below, the Court finds that good cause exists to set aside the entry of default.

**A.  Johnson Did Not Engage in Culpable Conduct.**

i.    Amikhanyan <u>Did Not Comply with Procedural Requirements.</u>

Johnson argues that he was not properly served. Motion at 12-14. "[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally failed to answer*." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). Failure to answer is only culpable if the movant acted with bad faith, such as an "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id.* The Ninth Circuit has "typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698. Simple carelessness is insufficient to treat a negligent failure to reply as inexcusable without a demonstration that other factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside default. *Id.* at 696–97.

Applying the proper standard, Johnson's conduct was not culpable. Pursuant to Federal Rule of Civil Procedure 4, a party must be served a summons and a copy of the complaint. Fed. R. Civ. P. 4(c); *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) ("A person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process."). Rule 4(e) provides that the service requirement for an individual within a judicial district of the United States can be satisfied by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e).

Amikhanyan asserts that they served Johnson pursuant to California Code of Civil Procedure Sections 415.30 and 415.40. Dkt. No. 14. Section 415.30 states:

> A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender.

Cal. Code Civ. Proc. § 415.30.

Section 415.40 provides:

> A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt.

Cal. Code Civ. Proc. § 415.40.

Here, the proof of service, dated August 27, 2025, states that Johnson was served pursuant to Sections 415.30 and 415.40 at 2121 Park Place Ste. 250, El Segundo, CA 90245. Dkt. No. 14. The served address was PS Funding's—Johnson's employer until June 2024—former principal place of business. Motion at 12; Dkt. No. 49-1 ¶ 4. PS Funding moved out of that location in or around June 2023. *Id.* As such, by the service date, Johnson did not have access to or an affiliation with the served address. Dkt. No. 49-1 ¶¶ 4-5. Therefore, Johnson was never served with process in this action. Because Johnson was never served, Johnson did not sign an acknowledgement form pursuant to Section 415.30. Motion at 12, 14-15. And Amikhanyan has not presented evidence that Johnson has been served and signed an acknowledgement form. In sum, Amikhanyan did not comply with Section 415.30.

As the Court finds that Johnson was never served with process, the Court similarly holds that Amikhanyan did not comply with Section 415.40. Notably, Section 415.40 pertains to service of "a person *outside*" California. Cal. Code Civ. Proc. § 415.40 (emphasis added); Motion at 15. Therefore, Section 415.40 is inapplicable as the served address is within California. Dkt. No. 14.

Taken together, it is reasonable for Johnson to conclude that he was not required to respond to the Complaint. Accordingly, the Court finds that Johnson did not engage in culpable conduct resulting in the entry of default.[2] Because this finding is "sufficient reason for the district court to refuse to set aside the default," *Signed Personal Check*, 615 F.3d at 1091, the Court need not discuss the other factors.

### III.     Conclusion

For the reasons stated, the Court hereby GRANTS the Motion and ORDERS as follows:

---

[2] Additionally, the Court finds that Johnson, upon receiving notice of this action, was diligent in defending this action. Motion at 16; Dkt. No. 49-1 ¶¶ 2, 9. Johnson claims that he was made aware of this action on November 6, 2025, nearly a month after the default entry. Motion at 12; Dkt. No. 49-1 ¶¶ 2, 9. Once Johnson learned of this action, he quickly retained counsel and filed the instant Motion. *Id.*

7

1. The Motion to Set Aside Entry of Default is GRANTED;

2. Amikhanyan is ORDERED to serve Johnson the summons and Complaint in compliance with Federal Rule of Civil Procedure Rule 4; and

3. Upon service of the summons and Complaint, Johnson is ORDERED to file a response to the Complaint within fourteen (14) days of the date the summons and Complaint are served.

IT IS SO ORDERED.

Dated: March 10, 2026

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge