O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

MARINE AMIKHANYAN et al,

                Plaintiffs,

     v.

LAURIE SELBER SILVERSTEIN et al,

                Defendant.

Case No.:  2:25-cv-07794-MEMF-AGR

**ORDER GRANTING MOTION TO DISMISS AND MOTION TO VACATE DEFAULT [DKT. NO. 32]**

Before the Court is a Motion to Dismiss and Vacate Default filed by Defendant Walid Wasifi Dkt. No. 32 ("Motion"). For the reasons stated herein, the Court GRANTS the Motion.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I.    **Background**

### A.  **Factual Background**[1]

#### i.   The Loan

Plaintiffs and Defendant Wasifi are residents of California. Dkt. No. 1 ("Compl.") ¶¶ 1-13.

On February 2, 2021, Plaintiff Marine Amirkhanyan borrowed from PS Funding, Inc. ("PS Funding"), $665,000 at an interest rate of 8.990%, secured by real property. *Id.* ¶ 13. The loan had a maturity date of March 1, 2023. *Id.* Plaintiffs signed a Note and Deed of Trust. *Id.* Plaintiffs paid on time mortgage payments of $4,981.96 from 2021 to March 1, 2023 and made three additional mortgage payments from March 1, 2023 to June 2023. *Id.* ¶ 14. In June 2023, PS Funding informed Plaintiffs that it could not accept payments and should not have accepted Plaintiffs' three payments from March 1, 2023 to June 2023 as it was in Chapter 11 bankruptcy. *Id.* ¶ 15. PS Funding's bankruptcy was assigned to Judge Laurie Selber Silverstein and was subject to an automatic stay under 11 U.S.C. § 362. *Id.* ¶ 16.

In August 2023, Plaintiffs received a Notice of Default and Election to Sell Under Deed of Trust from California TD Specialist, an affiliate of PS Funding. *Id.* ¶ 17. Plaintiffs attempted to contact California TD Specialist but California TD Specialist refused Plaintiffs' request. *Id.* In December 2023, California TD Specialist sent Plaintiffs a Notice of Trustee's Sale, claiming that Plaintiffs owed PS Funding $764,180.97 and that the sale would take place on December 27, 2023, at 10:30 a.m. *Id.* ¶ 18. Plaintiffs then contacted Jennifer Duran, a real estate negotiator for assistance on the upcoming auction. *Id.* ¶ 19.

In January 2024, California TD Specialist held the Trustee's Sale and provided a Demand for Payoff regarding Plaintiffs' loan. *Id.* ¶ 21. Romy Lasam signed off on the demand, indicating that the Lender Agrees with the Amount in the Demand for the loan payoff. *Id.*

Duran, during negotiations with California TD Specialist, requested an extension of time to meet with the perspective private lender and the extension was granted providing a new payoff date

---

[1] Except as otherwise indicated, the following factual background is derived from Plaintiffs' Complaint. Dkt. No. 1 ("Compl."). The Court includes these allegations only as background and makes no finding on whether they are true.

of April 15, 2024. *Id.* ¶ 22. During the negotiations, Plaintiffs were informed to file Chapter 13 bankruptcy for the amount owed under the loan. *Id.* ¶ 23. Plaintiffs' bankruptcy petition regarding the property loan was discharged as the writer of the petition did not mark the box to contest California TD Specialist's motion to discharge the property from the petition. *Id.*

i.    Trustee Sale

On April 16, 2025, California TD Specialist initiated a Trustee Sale on the property. *Id.* ¶ 24. The Auction Levying Officer issued a Post Foreclosure Trustee Sale, rather than a regulatory Trustee's Sale, and did not inform any bidder that the property was subject to a Mandatory California Redemption Law and California Code of Civil Procedures 729.030. *Id.*

ii.    Bidder

On April 16, 2024, Paladar Capital Investments, L.P. ("Paladar"), a bidder claiming to be at the Plaintiffs' property auction, filed an unverified Complaint against Plaintiffs for declaratory relief and quiet title. *Id.* ¶ 28. Plaintiffs filed an Answer on April 26, 2024, and an amended Answer on May 22, 2024. *Id.* ¶¶ 29-30. Paladar amended its Complaint on May 22, 2024. *Id.* ¶ 31. The amended Complaint alleged that Mona Elalami filed a false affidavit claiming to be the highest bidder at the April 16, 2024 auction. *Id.* ¶ 33.

Defendant Mona Elalami had not produced her Affidavit as she claimed in the month of April 2024. *Id.* ¶ 34. She claimed she was the highest bidder at the said auction on the "Subject Property" as stated also in Paladar's amended Complaint. *Id.* She lied and instead, allowed her father Zeyad R. Elalami and Luxor Funding Group, Inc., to act as a Lender for another bidder, Walid Wasifi, who bid on the Property and was the highest bidder. *Id.* Essentially, defendants Luxor Funding Group and Zeyad R. Elalami provided monies to Wasifi to purchase the Property at the foreclosure auction. *Id.* Luxor was "Not Licensed" as a California Lender with California Department of Protection and Innovation nor was Luxor registered with the National Mortgage Licensing Act and Registry System. *Id.* ¶ 37. Defendants allegedly knew that PS Funding was in a Chapter 11 proceeding in the Wilmington, Delaware District Bankruptcy Court and took advantage of PS Funding's Bankruptcy situation and added themselves to the auction bidding as though Defendant Mona Elalami bid. *Id.* ¶ 39. Lasam and their associate California TD Specialist

commenced with a Trustee Sale of the Subject Property on April 16, 2024, and commenced with a Notice of Default and Notice of Trustee Sale of the Subject Property starting in 2023 through 2024 with PS Funding, Inc. *Id.* ¶ 34. Lasam issued a Trustee Deed Upon Sale to Wasifi, and thus allowing their associate, California TD Specialist, to commence with a Trustee Sale on the Subject Property, while PS Funding was under the Bankruptcy Court Judge's Automatic Stay Order. *Id.* ¶¶ 41-42.

On June 17, 2024, Plaintiffs mailed and had independent confidential mail carried to service to Defendant Zeyad Elalami and Wasifi a request for information as to the Notice to Occupant to Vacate Premises. *Id.* ¶ 45. Wasifi had filed in Van Nuys Superior Court of California, Case Number: 24VEUD01210, numerous Ex-Parte Unlawful Detainer Motions to evict the Plaintiffs from the Subject Property. *Id.* Defendant Wasifi filed for a Writ of Possession. *Id.* Plaintiffs had not received any kind of notice from Wasifi, and due to that his false swearing, the court issued the writ in February of 2025. *Id.*

On May 9, 2025, while Plaintiffs left to work that morning, Wasifi, Zeyad Elalami and Zeyad Elalami's Brother, Mamdouh Elalami, went with a Peace Officer under a Peaceful Escort to change the Subject Property's Locks while the Plaintiffs were at work, and upon returning, Plaintiffs could not enter the Subject Property and was not able to retrieve basic care items and necessities. *Id.* ¶ 46.

### B. Procedural History

On August 20, 2025, Plaintiffs filed suit in this Court. Compl. The Complaint asserted twenty-five causes of action: (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) fraud and misrepresentation, (4) fraud in factum, (5) violation of notice law, (6) violation of disclosure law, (7) violation of California Financial Code § 22000 et seq., (8) violation of the S.A.F.E. Act, (9) violation of the National Mortgage Licensing Act and Registry System, (10) fraud and misrepresentation upon the FHA, (11) violation of 42 U.S.C. § 1986, (12) violation of 18 U.S.C. §§ 241 and 242, (13) violation of 18 U.S.C. § 1001, (14) violation of 18 U.S.C. § 1621, (15) violation of 18 U.S.C. § 1341, (16) violation of 18 U.S.C. § 1343, (17) violation of California Business and Professional Code § 17200, (18) usury, (19) unlawful foreclosure, (20) violation of California Senate Bill 1079, (21) fraud and misrepresentation upon California Senate Bill 1079, (22)

illegal eviction, (23) violation of ponzi schemes, (24) violation of the RICO Act, and (25) Intentional Infliction of Emotional Distress. *See id.*

On October 2, 2025, Plaintiffs filed an Application for Entry of Default against Defendant. Dkt. No. 21. The Application was granted on October 8, 2025. Dkt. No. 22.

On October 17, 2025, Defendant filed the instant Motion. Motion. Per the Court's Civil Standing Order, Plaintiffs' Opposition was due on October 31, 2025. Civil Standing Order § VIII(B).

On November 21, 2025, Plaintiffs and Defendant filed a stipulation to continue the motions hearing. Dkt. No. 44. On December 8, 2025, Defendant's counsel emailed the Court, stating the continuance was no longer needed.

On December 12, 2025, Plaintiffs submitted, via mail, a Request for Extension to File an Opposition.

The hearing on Defendant's Motion was scheduled for December 18, 2025. The Court, on December 17, 2025, took the matter under submission. Dkt. No. 46.

### MOTION TO VACATE [DKT. NO. 32]

### I.    Applicable Law

Under Federal Rule of Civil Procedure 60(a), the Court may "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Rule 60(a) may be invoked to correct a mistake made by the Clerk of Court. *See Jones & Guerrero Co. v. Sealift Pac.*, 650 F.2d 1072, 1074 (9th Cir. 1981) (noting that Rule 60(a) allows correction of mistakes that were not made by the clerk in addition to mistakes made by the clerk).

Federal Rule of Civil Procedure 4(e) authorizes a party to serve an individual by: (1) "delivering a copy of the summons and of the complaint to the individual personally"; (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e).

California Code of Civil Procedure Section 415.20 provides that if personal delivery is not achievable, then a party may serve an individual by: (1) "leaving a copy of the summons and

complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address"; (2) "leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address"; or (3) "if the only address reasonably known for the person to be served is a private mailbox obtained through a commercial mail receiving agency, service of process may be effected on the first delivery attempt by leaving a copy of the summons and complaint with the commercial mail receiving agency in the manner described in subdivision (d) of Section 17538.5 of the Business and Professions Code." Cal. Code Civ. P. 415.20.

## II.    Discussion

Defendant argues that Plaintiffs never properly served Defendant under Rule 4(e) or Section 415.20 as their server declaration states that "they personally 'mailed' the summons and complaint by placing papers in the mailbox at his parents' residence." Motion at 6. As service is a prerequisite to personal jurisdiction, Defendant asserts that the Court lacked jurisdiction to enter default against Defendant on October 9, 2025. *Id.*; Dkt. No. 22. Thus, Defendant requests the Court to vacate the default under Rule 60(b)(4). Motion at 6-7.

While the Court is cognizant of the fact that Plaintiffs are proceeding *pro se*, they are not exempt from compliance with the Federal Rules of Civil Procedure. *See* C.D. Cal. L.R. 1-3 and 83-2.2.3. Here, the proof of service and accompanying declarations state that the summons and complaint were placed at 8533 Hatillo Avenue, Winnetka, CA 91306 on October 1, 2025. Dkt. Nos. 21 at 7-16., 38, 41. As Rule 4(e) and Section 415.20 do not provide a method of service via mailing summons and complaints to Defendant's parent's residence, Plaintiffs failed to properly effectuate service. The serviced address is the identical address listed in prior filings. *See* Dkt. Nos. 1, 4. Defendant does not contend that Defendant ever informed Plaintiffs that the serviced address was not Defendant's dwelling and there is no indication that the serviced address is not Defendant's dwelling.[2] Therefore, the Court finds that Plaintiffs properly served Defendant at Defendant's dwelling.

---

[2] The Motion as to Defendant's improper service arguments lack citations to the record and evidence.

Accordingly, the Court denies Defendant's request to vacate the default entered on October 9, 2025.

### III.   Conclusion

The DENIES the Motion to Vacate.

### MOTION TO STRIKE [DKT. NO. 32]

### I.   Applicable Law

Federal Rule of Civil Procedure 12(f) provides that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks omitted). Motions to strike "are generally regarded with disfavor because of the limited importance of pleading in federal practice," and they "are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." *Gaines v. AT&T Mobility Servs., LLC*, 424 F. Supp. 3d 1004, 1014 (S.D. Cal. 2019) (internal quotation marks omitted).

### II.   Discussion

Defendant requests the Court to "strike all immaterial and scandalous allegations." Motion at 3, 5, 13. Defendant, throughout the Motion, fails to point to or explain which allegations are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f); *See generally* Motion. As stated below, the Court concludes that Plaintiffs fail to sufficiently plead their causes of actions under Rule 12(b)(6). The Court, however, does not find that the allegations are subject to Rule 12(f). Although the allegations lack detail, they have a bearing on the subject matter of the litigation. *Gaines*, 424 F.Supp.3d at 1014. Therefore, Rule 12(f) is not warranted.

### III.   Conclusion

The Court DENIES the Motion to Strike Plaintiffs' claims.

### MOTION TO DISMISS [DKT. NO. 32]

### I.   Applicable Law

**A.  Federal Court Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction," and can only hear cases where there is a valid basis for federal jurisdiction. *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991). One possible basis for jurisdiction is federal question jurisdiction pursuant to 28 U.S.C. § 1331, which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Another basis for jurisdiction is diversity jurisdiction. *See* 28 U.S.C. § 1332 ("Section 1332"). Diversity jurisdiction requires "requires complete diversity of citizenship and an amount in controversy greater than $75,000." *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020).  While citizenship to a state is not necessarily tied to residence, a "party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Adams v. W, Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020).

When a plaintiff files an action in state court over which federal courts might have jurisdiction, the Defendant may remove the action to federal court. *See* 28 U.S.C. § 1446. "As specified in § 1446(a), a Defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). There are two different possible deadlines for a Defendant to remove, depending on the circumstances. *See* 28 U.S.C § 1446(b)(1); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692–93 (9th Cir. 2005). If the "case clearly is removable on the basis of jurisdictional facts apparent from the face of the complaint," then the Defendant must file a notice of removal within 30 days of service. *Harris*, 425 F.3d at 692. However, if "it is unclear from the complaint whether the case is removable," then the Defendant need not immediately remove, and instead must remove "within thirty days after the Defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Id.* at 694 (citing 28 U.S.C § 1446(b)(1)). "Notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694.

"If the plaintiff subsequently challenges the removal, the burden is on the removing Defendant to prove that removal is proper." *See Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotk*a, 599 F.3d 1102, 1006–07 (9th Cir. 2010); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the Defendant always has the burden of establishing that removal is proper.").[3]

### B.  Failure to State a Claim

Defendant brings their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) allows a party to seek to dismiss a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Labels, conclusions, and "formulaic recitation of a cause of action's elements" are insufficient. *Twombly*, 550 U.S. at 545.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff.  *Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee*, 250 F.3d at 679.  But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

When a party claims "fraud or mistake, a party a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *Cafasso, U.S. ex rel. v. Gen.*

---

[3] Plaintiff asserts that the burden established in *Gaus* is a "heavy one," and there is a "strong presumption against removal jurisdiction." Motion at 3-4. Although *Gaus* indicated a strong presumption, the requisite burden level, as established by Ninth Circuit decisions that followed, is a preponderance of the evidence. *Guglielmino*, 506 F.3d at 699–701; *Sanchez*, 102 F.3d at 404–05; Opposition at 1, 8-9. Plaintiff concedes to this burden in its briefs. Motion at 9. Thus, Defendant need only demonstrate "more likely than not" that subject matter jurisdiction exists.

*Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054-55 (9th Cir. 2011) (explaining the "heightened pleading standard of Rule 9(b) and how fraud must state with particularity the circumstances constituting fraud).

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

**II.    Discussion**

Defendant bases the Motion on the following arguments: (1) Plaintiffs have failed to state a claim for relief under Rule 12(b)(6), and (2) the Court lacks federal subject matter jurisdiction over Defendant under Rule 12(b)(1). *See* Motion. For the reasons stated below, the Court finds that Plaintiffs have failed to state a claim upon which relief can be granted, and the Court lacks jurisdiction over Defendant.

**A. Plaintiffs' Complaint Does Not State a Claim Upon Which Relief Can be Granted.**

Plaintiffs' Complaint asserts twenty-five causes of action against Defendant. *See* Compl. Defendant argues that each cause of action either: (1) fails to plead sufficient facts to establish all required elements, or (2) does not provide Plaintiffs with a private right of action. Motion at 6-13. The Court will address the arguments set forth as to each cause of action.

i.    Plaintiffs Fail to Plead Sufficient Facts With Respect to Several of Their Claims [4]

1.    *Breach of Contract and Deed of Trust*

Defendant claims that Plaintiffs' allegations are not directed at Defendant because "he was not a party" to the loan agreement or deed of trust. Motion at 9.

---

[4] In light of Plaintiffs' late Request for Extension of Time to File an Opposition, the Court, although finding that amendment would be futile, will permit amendment to the dismissed claims under this subsection.

Further, when manually submitting filings to the Court, Plaintiffs are instructed to file the documents with the Intake Window. If Plaintiffs do not file the documents with the Intake Window, Plaintiffs shall email the documents, in pleading format, and a prepared proposed order to the Court's chambers (@memf_chambers@cacd.uscourts.gov).

The elements of a breach of contract claim are: (1) the existence of a contract; (2) a plaintiff's performance of the contract; (3) defendant's material breach of the contract; and (4) damages to plaintiff resulting from the breach. *Abdelhamid v Fire Ins. Exchange*, 106 Cal. Rptr. 3d 26, 32 (Cal. Ct. App. 2010).

Plaintiffs' Complaint states "Despite Plaintiffs' performance, Defendants PS Funding, Inc., Brewster Johnson, and Romy Lasam . . . wrongfully declared Plaintiffs in default, recorded a Notice of Default, and later a Notice of Trustee's Sale." Compl. ¶ 57. The subsequent sentences alleges that Defendants committed acts "in contravention of the express terms of the Deed of Trust and applicable law." *Id.* Although Plaintiffs assert the existence of a loan contract, their performance, breach, and damages, the allegations set forth are not directed at the Defendant in the instant Motion. *Id.* ¶¶ 57-59; *Abdelhamid*, 106 Cal. Rptr. 3d at 32. Plaintiffs may argue that they included "Defendants," and thus, the cause of action includes Defendant. However, the Complaint appears to qualify "Defendants" with regard to the breach of contract allegation by initially listing "Defendants PS Funding, Inc., Brewster Johnson, and Romy Lasam." *Id.* Notably, there is no allegation of the existence of a contract between the Plaintiff and the instant Defendant. RJN at 6. Given the qualifying language and lack of contract between the parties, the Court finds that Plaintiffs have failed to sufficiently plead a breach of contract. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court finds reason to dismiss with leave to amend the breach of contract claim as to Defendant.

### 2. Breach of Implied Covenant of Good Faith and Fair Dealing

Defendant similarly contends that because "no contract exists between Plaintiffs and Defendant, there can be no implied covenant claim." Motion at 9.

Under California law, "there is an implied covenant of good faith and fair dealing in every contract." *3500 Sepulveda, LLC v. Macy's W. Stores, Inc.* 980 F.3d 1317, 1324 (9th Cir. 2020) (citing *Foley v. Interactive Data Corp.*, 765 P.2d 373, 389 (Cal. 1988)). "A party can breach the covenant without 'breach of a specific provision of the contract.'" *Id.* (citing *Carma Dev. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 826 P.2d 710, 727 (Cal. 1992)). The "question is whether the party's conduct, 'while not technically transgressing the express covenants . . . frustrates the other

party's rights to the benefits of the contract.'" *Id.* (citing *Racine & Laramie, Ltd. v. Dep't of Parks & Rec.*, 14 Cal. Rptr. 2d 335, 339 (Cal. Ct. App. 1992)).

Plaintiffs' Complaint acknowledges the necessity of a contract to an implied covenant claim. Compl. ¶ 61. As stated above, the Court does not find the existence of a contract between Plaintiffs and Defendant. And the same qualifying language discussed is included in Plaintiffs' second cause of action allegations. *Id.* ¶ 63. Thus, the Court finds that Plaintiffs have failed to sufficiently plead a breach of implied covenant of good faith and fair dealing. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court finds reason to dismiss with leave to amend the breach of implied covenant of good faith and fair dealing as to Defendant.

### 3. Fraud and Misrepresentation

Defendant next argues that Plaintiffs have not detailed any misrepresentation made by Defendant or details of the alleged fraud. Motion at 9.

To establish fraud, there must be: (1) a misrepresentation, (2) knowledge of falsity, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damages. *Lazar v. Superior Court*, 909 P.2d 981, 984-85 (Cal. 1996).

Plaintiffs' Complaint claims "Defendants Mona Elalami, Zeyad Elalami, [and] Luxor Funding Group, Inc. [] misrepresented that Mona Elalami was the highest bidder." Compl. ¶ 68. The Complaint also alleges that Defendants falsely claimed that "Luxor Funding Group, Inc. and/or Zeyad Elalami were licensed lenders in California." *Id.* ¶ 69. The Court finds these allegations resemble legal conclusions rather than particular factual allegations as they fail to detail what acts each Defendant committed, when they were committed, and the knowledge of falsity. Also, the Court, as Defendant explain, finds that these alleged misrepresentations are not directed at Defendant. Motion at 9. Plaintiffs' allegations do not illustrate how the misrepresentations affected the default and foreclosure issues or how Plaintiffs were harmed by reasonably relying on the misrepresentations. Thus, the Court finds that Plaintiffs have not plead sufficient facts to assert a claim for fraud or misrepresentation. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court finds reason to dismiss with leave to amend the fraud and misrepresentation cause of action as to Defendant.

### 4. Fraud in Factum

Defendant contends that because fraud in factum requires a written instrument or contract, this cause of action should be dismissed as there is no contract between Plaintiffs and Defendant. Motion at 9.

Under California law, fraud can take two forms: factum and inception. *Rosenthal v. Great W. Fin. Sec. Corp.*, 926 P.2d 1061, 1073 (Cal. 1996). Fraud in factum occurs when "the promisor is deceived as to the nature of his act, and actually does not know what he is signing, or does not intend to enter into a contract at all." *Id.* Fraud in the inception is when the promisor knows what is being signed but the promisor's consent is induced by fraud. *Id.*

Plaintiffs' Complaint alleges that Defendants "created and recorded a Deed of Trust . . . that falsely stated the loan was backed and insured by the Federal Housing Administration." Compl. ¶ 75. As discussed, the alleged misrepresentations were not made by Defendant. Further, there is no contractual agreement between Plaintiffs and Defendant. Thus, Plaintiffs have failed to sufficiently plead a cause of action for fraud in factum. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court finds reason to dismiss with leave to amend the fraud in factum cause of action as to Defendant.

### 5. Violation of 42 U.S.C. 1986

Defendant argues that a Section 1986 claim requires an underlying violation of Section 1985. Motion at 10. Because Plaintiffs' allegations do not allege any Section 1985 violation, Defendant concludes that Plaintiffs have not sufficiently pled this cause of action. *Id.*

Section 1986 provides that if wrongful act under Section 1985 is committed, a party is entitled to recover "all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case." 42 U.S.C. 1986. Section 1985 sets forth three potential violations requiring "two or more persons": (1) preventing an officer from performing duties, (2) obstructing justice in federal or state courts, and (3) depriving persons of rights and privileges. 42 U.S.C. 1985.

Plaintiffs allege that "[e]ach and [e]very Defendant knew or should have that actions undertaken by themselves and/or their co-defendants . . . constituted violations of Plaintiffs'

13

constitutionally protected rights." Comp. ¶ 122. The Complaint further states that Defendants had the ability to prevent or mitigate the wrongful conduct. *Id.* ¶¶ 123-24. Defendant emphasizes that Plaintiffs do not allege any section 1985 violation or a conspiracy specifically involving Defendant. Motion at 9. The Court agrees. The Complaint states that Defendant violated Section 1985 but with no reference or detail as to the specific acts Defendant committed. *Id.* ¶ 125. Although some Defendants are specifically named in the Complaint, one cannot discern which specific Defendants the Complaint intends to refer to as to the Section 1986 allegations. *Id.* As a result, Defendant does not have sufficient notice of his alleged misconduct. Therefore, the Court finds that Plaintiffs have failed to sufficiently plead a cause of action for Section 1986 violations. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court does finds reason to dismiss with leave to amend the Section 1986 cause of action against Defendant.

### 6. Usury

Defendant then asserts that Plaintiffs' usury cause of action cannot stand because there is no loan between Plaintiffs and Defendant. Motion at 11

The essential elements for a usury cause of action are: "(1) The transaction must be a loan or forbearance; (2) the interest to be paid must exceed the statutory maximum; (3) the loan and interest must be absolutely repayable by the borrower; and (4) the lender must have a willful intent to enter into a usurious transaction." *Ghirardo v. Antonioli*, 883 P.2d 960, 965 (Cal. 1994).

Plaintiffs' Complaint alleges that Defendant "engaged in a deliberate scheme to profit from a purported 'loan' secured by a deed of trust against Plaintiffs' property and fabricated fraudulent loan documentation to assert a false debt obligation." Compl. ¶ 170. The Complaint also claims that Defendant "attempted to receive payments from Plaintiffs under false pretenses, using the threat of eviction to extort payments." *Id.* ¶ 172. Although Plaintiffs allege the existence of a loan and usurious intent, they do not assert there is a loan or forbearance with the Defendant. The loan at issue involves Plaintiffs and Defendant PS Funding, Inc. There is no loan or owed interest to Defendant. Motion at 11. Therefore, Plaintiffs have not pled sufficient facts for a usury cause of action. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court finds reason to dismiss with leave to amend the usury cause of action as to Defendant.

### 7. *Unlawful Foreclosure*[5]

Defendant argues that this cause of action is directed at other Defendants, and he had no role in the foreclosure. Motion at 11.

"A foreclosure initiated by one with no authority to do so is wrongful for purposes of such an action." *Yvanova v New Century Mortgage Corp.*, 365 P.3d 845, 851 (Cal. 2016). Plaintiffs Complaint alleges a failure to comply with California Civil Code Sections 2923.5 and 2924. Compl. ¶ 177. Sections 2923.5 and 2924 set forth requirements for notices of default and notices of trustee sales. *See* Cal. Civ. Code §§ 2923.5, 2924.

Similar to Plaintiffs' earlier causes of action, the unlawful foreclosure cause of action seems to be limited through qualifying language as paragraph 177 of the Complaint only asserts violations as to "Defendants PS Funding, Inc., Brewster Johnson, and Romy Lasam." Compl. ¶ 177. Given that the allegations do not implicate Defendant, and Defendant was not involvement in the foreclosure, the Court concludes that Plaintiffs have failed to sufficiently plead a cause of action for unlawful foreclosure. *See generally* Compl.; Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court finds reason to dismiss with leave to amend the unlawful foreclosure cause of action as to Defendant.

### 8. *Violation of the RICO Act*

Defendant maintains that Plaintiffs' Complaint fails to properly plead facts with particularity under Rule 9(b), as the allegations are merely conclusory assertions. Motion at 11.

With respect to RICO claims specifically, the Ninth Circuit has generally applied Rule 9(b) to require "a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991), *cert. denied*, 502 U.S. 1094 (1992). All RICO claims

---

[5] There does not appear to be a cause of action for Unlawful Foreclosure. The Court takes the position that Plaintiffs intended to assert a claim for Wrongful Foreclosure and will address the dispute as such.

involving fraud must be alleged with particularity under Fed. R. Civ. P. 9(b). *Id.* ("The Ninth Circuit has repeatedly insisted that [Fed. R. Civ. P. 9(b)'s heightened pleading requirement] be followed in RICO actions alleging the predicate act of mail fraud."); *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1400 (9th Cir. 1986) (applying Fed. R. Civ. P. 9(b)'s heightened pleading requirement to allegations of mail and wire fraud). However, the non-fraud aspects of a RICO claim are not subject to Rule 9(b). Gregory P. Joseph, *Civil RICO: A Definitive Guide* 265, 267 (5th ed. 2018) ("Rule 9(b) applies to the allegations of a RICO complaint only to the extent that they sound in fraud.").

Plaintiffs' Complaint describes how Defendants "constituted an 'enterprise' within the meaning of [Section] 1961(4), as they were in fact for the common purpose of executing a fraudulent foreclosure and investment scheme" involving Plaintiffs' property and funds. Compl. ¶¶ 203-09. It specifies that Defendant sent "fraudulent foreclosure notices, loan documents, and communications" via U.S. mail and wires to illegally obtain property and funds—in violation of 18 U.S.C. §§ 1341, 1343. *Id.* Despite this, the Complaint lacks the particularity required under Rule 9(b). Plaintiffs appear to group all Defendants together, failing to elaborate on how each Defendant played a role in the alleged RICO violation. *Lancaster Cmty. Hosp.*, 940 F.2d at 405 (emphasis added). The Complaint fails to provide any further detail, at minimum, as to which Defendants contributed to the fraud, or in what way. *See* Compl. ¶¶ 203-09. Although some Defendants are specifically named in the Complaint, one cannot discern which specific Defendants the Complaint intends to refer to as to the RICO allegations. *Id.* As a result, Defendant does not have sufficient notice of his alleged misconduct. Therefore, the Court finds that Plaintiffs have failed to sufficiently plead a cause of action for RICO violations. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court finds reason to dismiss with leave to amend the RICO cause of action as to Defendant.

### 9. Intentional Infliction of Emotional Distress ("IIED")

Defendant argues that enforcing a court-ordered eviction is not extreme or outrageous. Motion at 12.

To establish a tort claim for IIED, a plaintiff must establish: (1) extreme and outrageous conduct by the defendant, (2) intent of causing, or reckless disregard of the probability of causing, emotional distress, (3) severe or extreme emotional distress, and (4) actual and proximate causation of the emotional distress. *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 819-20 (Cal. 1993).

Plaintiffs' Complaint asserts that Defendant engaged in "extreme and outrageous" related to the foreclosure, eviction, loan, and deed of trust. Compl. ¶ 212. Allegedly, these actions were intended to cause severe emotional distress or constituted a reckless disregard of the probability of causing emotional distress—resulting in Plaintiffs "severe emotional distress." *Id.* ¶¶ 213-14. Plaintiffs appear to argue that each Defendant involved in the entire factual circumstances committed IIED. The Complaint, however, merely restates the elements of IIED—without detailing how each Defendant's conduct satisfied each element. *Id.* ¶¶ 212-27. The Complaint does not elaborate on the extreme and outrageous conduct specifically to Defendant. As such, the Court does not find Plaintiffs sufficiently pled facts for their IIED cause of action. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court finds reason to dismiss with leave to amend the IIED cause of action as to Defendant.

### 10. Violation of Business and Professions Code 17200

Defendant maintains that he committed no "unlawful, unfair, or fraudulent business practice" by merely purchasing property at a trustee's sale. Motion at 11.

California Business and Professional Code 17200 prohibits unlawful, unfair, or fraudulent business acts or practices and any unfair, deceptive, untrue, or misleading advertising. Cal. Bus. & Prof. Code 17200 et seq. The Complaint alleges that "Mona Elalami, Zeyad Elalami, Luxor Funding Group, Inc., and Walid Wasifi engaged in unlawful business acts and practices." Compl. ¶ 163. Although the allegations are directed at Defendant, they do not appear to be applicable. Defendant is not a lender nor was involved in the foreclosure. He was merely a purchase of the property. As such, the Court does not find Plaintiffs sufficiently pled facts for their Violation of Business and Professional Code 17200 cause of action. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court finds reason to dismiss with leave to amend the Violation of Business and Professional Code 17200 cause of action as to Defendant

*11. Illegal Eviction*

Defendant argues that possession of the property was obtained through a court judgment and writ of possession, which cannot substantiate tort liability. Motion at 11.

The Complaint alleges that Defendant, "without obtaining a valid court order for possession, engaged in illegal evictions by" causing Plaintiffs to be removed from the property. Compl. ¶ 194. Plaintiffs cite to California Code of Civil Procedure Sections 1159 to 1179a. *Id.* ¶ 193. Although the Court does not believe an "Illegal Eviction" cause of action exists, Plaintiffs cite to state statutes and explicitly allege "unlawful detainer actions." *Id.* As such, the Court will address the allegations under those claims.

Section 1159 to 1179a concern unlawful entry into one's property and requirements under unlawful detainer actions. Cal. Code Civ. P. §§ 1159-79a. Plaintiffs express that the writ of possession was obtained through misrepresentation by Defendant. Compl. ¶ 45. But there appears to be an absence of an unlawful entry by Defendant. As such, the Court finds that Plaintiffs have not sufficiently pled a cause of action for an unlawful detainer action.

Accordingly, the Court dismisses with leave to amend the Illegal Eviction cause of action as to Defendant.

          ii.   <u>Plaintiffs Do Not Have a Private Right of Action As to Several of Their Claims</u>.

          1.   *Violation of the Notice Law*

Defendant claims that the foreclosure notices were issued by the trustee and thus, there is "no duty or breach attributable to [Defendant]." Motion at 9. Under this cause of action, Plaintiffs allege that Defendants recorded a notice of default and proceeded with a notice of trustee sale, knowing that Plaintiffs were not in default and that they had no lawful authority. Compl. ¶¶ 80-81. Plaintiffs also provide that Defendant's failure to respond to Plaintiffs' written notices and concerns substantiates their unlawful conduct.

The Court is unaware of a private cause of action for "violation of notice law." Aside from a bankruptcy-related stay federal statute, the Complaint does not cite a federal or state statute for which the cause of action is based upon. As such, the Court does not find a private right of action.

Even if there was a private right of action, Defendant had no obligation to provide notice to Plaintiffs related to the defaults or the foreclosure sale as he was the purchaser of the property.

Accordingly, the Court finds reason to dismiss without leave to amend the Violation of Notice Law cause of action as to Defendant.

> 2. *Violation of the Disclosure Law; California Financing Law, Cal. Fin. Code § 22000 et seq.*

Defendant argues that these causes of action pertain to lenders or servicers, not foreclosure purchasers. Motion at 10.

Each cause of action implicates California Financial Code Section 22000 et seq.—a regulatory statute. Cal. Fin. Code § 22000 et seq. As such, Plaintiffs have no private right of action as to either cause of action. Even if a private right of action existed, Defendant is not a lender or servicer. Thus, the alleged statutory violations are inapplicable to Defendant.

Accordingly, the Court finds reason to dismiss without leave to amend the Violation of Notice Law cause of action as to Defendant.

> 3. *Violation of Section 1507 of the S.A.F.E. Act, 12 U.S.C § 5106 & 12 C.F.R. § 1007; Violation of the Nationwide Mortgage License System and Registry*

Defendant asserts that the Secure and Fair Enforcement for Mortgage Licensing Act of 2008 ("S.A.F.E. Act") governs loan originators, not foreclosure purchasers. Motion at 10.

The Complaint argues that other Defendants violated the S.A.F.E. Act by acting as a loan originator in connection with the at issue property without having the proper license. Compl. ¶ 105-06. Although the S.A.F.E. Act provides requirements pertaining to loan originators, the statute does not set forth language granting a private right of action. Rather it refers parties to several different acts. *See* 12 U.S.C. § 5101 et seq. As the Complaint cites only the S.A.F.E. Act, without any other statute providing a private right of action and the allegations are not directed at Defendant, the Court finds that Plaintiffs have failed to sufficiently plead causes of action under the S.A.F.E. Act. *Id.*; Compl. ¶¶ 103-14.

Accordingly, the Court finds reason to dismiss without leave to amend the S.A.F.E. Act causes of action as to Defendant.

4.  *Fraud and Misrepresentation Upon the Federal Housing Administration*

Defendant claims that fraud claims upon the Federal Housing Administration ("FHA") apply to lender compliance and none of the allegations are directed at Defendant.

"The overall purpose of the FHA mortgage insurance program is to encourage leading lenders, in exchange for a government guarantee of the loan, to extend mortgages to those carrying higher credit risks. . . . Thus, the regulations do not control directly the relationship between the mortgagor and mortgagee and may not be invoked by the mortgagor as a sword in an offensive cause of action against the mortgagee." *Pfeifer v. Countrywide Home Loans, Inc.*, 150 Cal. Rptr. 3d 673, 688 (Cal. Ct. App. 2012).

The Complaint cites to 18 U.S.C. § 1001, alleging that other Defendants "engaged in fraud and misrepresentation upon the FHA by submitting false and/or misleading" loan documents. Compl. ¶¶ 116-17. None of the allegations are directed at Defendant. And the Section 1001 does not implicate foreclosure purchasers or provide a private right of action. *See* 18 U.S.C. § 1001. As such, Plaintiffs have not sufficiently pled this cause of action.

Accordingly, the Court finds reason to dismiss without leave to amend the Fraud and Misrepresentation Upon the FHA cause of action as to Defendant.

5.  V*iolation of 18 U.S.C. §§ 241, 242, 1001, 1341, 1343, 1621*

Defendant contends that Sections 241, 242, 1001, 1341, 1343, and 1621 are "criminal statutes and do not provide a private right of action." Motion at 8.

The Complaint asserts that by knowingly and willfully making misrepresentations and engaging in a conspiracy, Defendants violated Sections 241, 242, 1001, 1341, 1343, and 1621. *See generally* Compl,

Sections 241, 242, 1001, 1341, 1343, and 1621, however, are criminal statutes and thus, can only be brought by the government. *See* 18 U.S.C. §§ 241, 242, 1001, 1341, 1343, 1621. They do not provide a private right of action. *Id.* As such, Plaintiffs' have not sufficiently pled these causes of action.

Accordingly, the Court finds reason to dismiss without leave to amend the Violation of 18 U.S.C. §§ 241, 242, 1001, 1341, 1343, and 1621 causes of action as to Defendant.

### 6. *Fraud and Misrepresentation Under Senate Bill 1079*

Defendant advances that senate bill 1079 "establishes post-sale offer procedures" and does not provide a private damages remedy. Motion at 11.

The Complaint alleges violations of senate bill 1079 due to Defendant's "fraud and misrepresentation regarding SB 1079 by representing that they would comply with the post-sale rights and notice provisions mandated under California Civil Code § 2924m." Compl. ¶ 187. As argued by Defendant, senate bill 1079 does not confer a private right of action. Motion at 11. Even if it did, Plaintiffs have failed to meet the Rule 9(b) particularity standards to properly plead the claimed fraud. Plaintiffs generally assert that Defendant violated senate bill 1079 without detailing particular violative acts committed by Defendant. As such, the Court finds that Plaintiffs have failed to sufficient plead their senate bill 1079 cause of action.

Accordingly, the Court finds reason to dismiss without leave to amend the senate bill 1079 causes of action as to Defendant.

### 7. *Violation of Ponzi Schemes*

Defendant contends that a ponzi scheme is not a "recognized civil cause of action" and the allegations involve conclusory statements lacking supporting facts. Motion at 11.

Plaintiffs' Complaint alleges violations of California Penal Code Section 532, the Federal Securities Act of 1933, and the Securities Exchange Act of 1934 based on other Defendants' alleged misrepresentations and "[s]oliciting Plaintiffs to invest or participate in purported secured real estate transactions." Compl. ¶ 199. First, California Penal Code Section 532 is a criminal statute and thus, does not provide a private right of action. Second, the allegations are not directed at Defendant. As a result, Defendant does not have sufficient notice of his alleged misconduct. Therefore, the Court finds that Plaintiffs have failed to sufficiently plead a cause of action for Ponzi Scheme violations. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court finds reason to dismiss without leave to amend the Ponzi Scheme cause of action as to Defendant.

**B. The Court Lacks Subject Matter Jurisdiction.**

As the Court does not find a single federal cause of action properly pled, there is no federal question jurisdiction. 28 U.S.C. § 1331. The Court will address the existence of federal diversity jurisdiction.

Defendant argues that the parties lack complete diversity because the Plaintiffs and Defendant are California residents. Motion at 8. Because Plaintiffs and Defendant are domiciled in California, the parties are not diverse under 28 U.S.C. § 1332. Compl. ¶ 1, 11. Therefore, there is no basis for federal diversity jurisdiction.

Accordingly, the Court finds reason to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction.

**III.   Conclusion**

For the reasons stated herein, the Court ORDERS as follows:

1. Defendant's Motion to Strike (Dkt. No. 32) is DENIED.

2. Defendant's Motion to Vacate (Dkt. No. 32) is Denied.

3. Defendant's Motion to Dismiss (Dkt. No. 32) is GRANTED:

   a. Plaintiffs' cause of action for breach of contract is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

   b. Plaintiffs' cause of action for breach of implied covenant of good faith and fair dealing is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

   c. Plaintiffs' cause of action for fraud and misrepresentation is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

   d. Plaintiffs' cause of action for fraud in factum is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

e. Plaintiffs' cause of action for violation of notice law is DISMISSED WITHOUT LEAVE TO AMEND;

f. Plaintiffs' cause of action for violation of disclosure law is DISMISSED WITHOUT LEAVE TO AMEND;

g. Plaintiffs' cause of action for violation of California Financial Code § 22000 et seq. is DISMISSED WITHOUT LEAVE TO AMEND;

h. Plaintiffs' cause of action for violation of the S.A.F.E. Act is DISMISSED WITHOUT LEAVE TO AMEND;

i. Plaintiffs' cause of action for violation of the National Mortgage Licensing Act and Registry System is DISMISSED WITHOUT LEAVE TO AMEND;

j. Plaintiffs' cause of action for fraud and misrepresentation upon the FHA is DISMISSED WITHOUT LEAVE TO AMEND

k. Plaintiffs' cause of action for violation of 42 U.S.C. § 1986 is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

l. Plaintiffs' cause of action for violation of 18 U.S.C. §§ 241 and 242 is DISMISSED WITHOUT LEAVE TO AMEND;

m. Plaintiffs' cause of action for violation of 18 U.S.C. § 1001 is DISMISSED WITHOUT LEAVE TO AMEND;

n. Plaintiffs' cause of action for violation of 18 U.S.C. § 1621 is DISMISSED WITHOUT LEAVE TO AMEND;

o. Plaintiffs' cause of action for violation of 18 U.S.C. § 1341 is DISMISSED WITHOUT LEAVE TO AMEND;

p. Plaintiffs' cause of action for violation of 18 U.S.C. § 1343 is DISMISSED WITHOUT LEAVE TO AMEND;

q. Plaintiffs' Violation of Business and Professional Code 17200 is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

r.  Plaintiffs' cause of action for usury is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

s.  Plaintiffs' cause of action for unlawful foreclosure is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

t.  Plaintiffs' cause of action violation of California Senate Bill 1079 is DISMISSED WITHOUT LEAVE TO AMEND;

u.  Plaintiffs' cause of action for fraud and misrepresentation upon California Senate Bill 1079 is DISMISSED WITHOUT LEAVE TO AMEND;

v.  Plaintiffs' cause of action for illegal eviction is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

w.  Plaintiffs' cause of action for violation of ponzi schemes is DISMISSED WITHOUT LEAVE TO AMEND;

x.  Plaintiffs' cause of action for violation of the RICO Act is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

y.  Plaintiffs' cause of action for IIED is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

z.  The Court lacks federal subject matter jurisdiction; and

aa. The deadline for Plaintiffs to file an Amended Complaint shall be ninety (90) days from this Order. The Amended Complaint may include the following claims:

    i.  Breach of Contract

    ii.  Breach of Implied Covenant of Good Faith and Fair Dealing;

    iii.  Fraud;

    iv.  Fraud in Factum;

v.   Violation of 42 U.S.C. 1986;

vi.   Usury;

vii.   Unlawful Foreclosure;

viii.   Violation of the RICO Act;

ix.   Illegal Eviction;

x.   California Business and Professional Code § 17200; and

xi.   Intentional Infliction of Emotional Distress.

### IV.   Resources for Pro Se Litigants

Although Plaintiffs are proceeding pro se, i.e., without legal representation, she nonetheless is required to comply with Court orders, the Local Rules, and the Federal Rules of Civil Procedure. See C.D. Cal. L.R. 83-2.2.3. The Local Rules are available on the Court's website, http://www.cacd.uscourts.gov/court-procedures/ local-rules.

The Court cannot provide legal advice to any party, including pro se litigants, i.e., parties who are not represented by a lawyer. There is a free "Pro Se Clinic" that can provide information and guidance about many aspects of civil litigation in this Court.

- Public Counsel runs a free Federal Pro Se Clinic where pro se litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012 (note that the clinic may not be open for in-person appointments during the pandemic). Pro se litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.

- Public Counsel also has extensive resources for pro se litigants at its website located at https://publiccounsel.org/services/federal-court/.

//
//
//
//
//
//
//

25

- The Court is also informed that the LA Law Library, located across the street from the First Street Courthouse at 301 W. First Street, Los Angeles, CA 90012, also has extensive resources for pro se litigants. The LA Law Library can be reached via email at reference@lalawlibrary.org, or via telephone at (213) 785-2513.

IT IS SO ORDERED.

Dated: March 25, 2026

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

26