O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINE AMIKHANYAN et al,<br><br>                    Plaintiffs,<br><br>          v.<br><br>LAURIE SELBER SILVERSTEIN et al,<br><br>                    Defendants. | Case No.:  2:25-cv-07794-MEMF-AGR<br><br>**ORDER GRANTING MOTION TO DISMISS [DKT. NO. 11]** |

Before the Court is a Motion to Dismiss filed by Defendants Zeyad Elalami, Mona Elalami, and Luxor Funding Group. Dkt. No. 11 ("Motion"). For the reasons stated herein, the Court GRANTS the Motion.

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I.    Background

### A.  Factual Background[1]

#### i.    The Loan

Plaintiffs and Defendant Romy Lasam are residents of California. Dkt. No. 1 ("Compl.") ¶¶ 1-13.

On February 2, 2021, Plaintiff Marine Amirkhanyan borrowed from PS Funding, Inc. ("PS Funding"), $665,000 at an interest rate of 8.990%, secured by real property. *Id.* ¶ 13. The loan had a maturity date of March 1, 2023. *Id.* Plaintiffs signed a Note and Deed of Trust. *Id.* Plaintiffs paid on time mortgage payments of $4,981.96 from 2021 to March 1, 2023 and made three additional mortgage payments from March 1, 2023 to June 2023. *Id.* ¶ 14. In June 2023, PS Funding informed Plaintiffs that it could not accept payments and should not have accepted Plaintiffs' three payments from March 1, 2023 to June 2023 as it was in Chapter 11 bankruptcy. *Id.* ¶ 15. PS Funding's bankruptcy was assigned to Judge Laurie Selber Silverstein and was subject to an automatic stay under 11 U.S.C. § 362. *Id.* ¶ 16.

In August 2023, Plaintiffs received a Notice of Default and Election to Sell Under Deed of Trust from California TD Specialist, an affiliate of PS Funding. *Id.* ¶ 17. Plaintiffs attempted to contact California TD Specialist but California TD Specialist refused Plaintiffs' request. *Id.* In December 2023, California TD Specialist sent Plaintiffs a Notice of Trustee's Sale, claiming that Plaintiffs owed PS Funding $764,180.97 and that the sale would take place on December 27, 2023, at 10:30 a.m. *Id.* ¶ 18. Plaintiffs then contacted Jennifer Duran, a real estate negotiator for assistance on the upcoming auction. *Id.* ¶ 19.

In January 2024, California TD Specialist held the Trustee's Sale and provided a Demand for Payoff regarding Plaintiffs' loan. *Id.* ¶ 21. Romy Lasam signed off on the demand, indicating that the Lender Agrees with the Amount in the Demand for the loan payoff. *Id.*

---

[1] Except as otherwise indicated, the following factual background is derived from Plaintiffs' Complaint. Dkt. No. 1 ("Compl."). The Court includes these allegations only as background and makes no finding on whether they are true.

Duran, during negotiations with California TD Specialist, requested an extension of time to meet with the perspective private lender and the extension was granted providing a new payoff date of April 15, 2024. *Id.* ¶ 22. During the negotiations, Plaintiffs were informed to file Chapter 13 bankruptcy for the amount owed under the loan. *Id.* ¶ 23. Plaintiffs' bankruptcy petition regarding the property loan was discharged as the writer of the petition did not mark the box to contest California TD Specialist's motion to discharge the property from the petition. *Id.*

i. Trustee Sale

On April 16, 2025, California TD Specialist initiated a Trustee Sale on the property. *Id.* ¶ 24. The Auction Levying Officer issued a Post Foreclosure Trustee Sale, rather than a regulatory Trustee's Sale, and did not inform any bidder that the property was subject to a Mandatory California Redemption Law and California Code of Civil Procedures 729.030. *Id.*

ii. Bidder

On April 16, 2024, Paladar Capital Investments, L.P. ("Paladar"), a bidder claiming to be at the Plaintiffs' property auction, filed an unverified Complaint against Plaintiffs for declaratory relief and quiet title. *Id.* ¶ 28. Plaintiffs filed an Answer on April 26, 2024, and an amended Answer on May 22, 2024. *Id.* ¶¶ 29-30. Paladar amended its Complaint on May 22, 2024. *Id.* ¶ 31. The amended Complaint alleged that Mona Elalami filed a false affidavit claiming to be the highest bidder at the April 16, 2024 auction. *Id.* ¶ 33.

Defendant Mona Elalami had not produced her Affidavit as she claimed in the month of April 2024. *Id.* ¶ 34. She claimed she was the highest bidder at the said auction on the "Subject Property" as stated also in Paladar's amended Complaint. *Id.* She lied and instead, allowed her father Zeyad R. Elalami and Luxor Funding Group, Inc., to act as a Lender for another bidder, Walid Wasifi, who bid on the Property and was the highest bidder. *Id.* Essentially, defendants Luxor Funding Group and Zeyad R. Elalami provided monies to Wasifi to purchase the Property at the foreclosure auction. *Id.* Luxor was "Not Licensed" as a California Lender with California Department of Protection and Innovation nor was Luxor registered with the National Mortgage Licensing Act and Registry System. *Id.* ¶ 37. Defendants allegedly knew that PS Funding was in a Chapter 11 proceeding in the Wilmington, Delaware District Bankruptcy Court and took advantage

of PS Funding's Bankruptcy situation and added themselves to the auction bidding as though Defendant Mona Elalami bid. *Id.* ¶ 39. Lasam and their associate California TD Specialist commenced with a Trustee Sale of the Subject Property on April 16, 2024, and commenced with a Notice of Default and Notice of Trustee Sale of the Subject Property starting in 2023 through 2024 with PS Funding, Inc. *Id.* ¶ 34. Lasam issued a Trustee Deed Upon Sale to Wasifi, and thus allowing their associate, California TD Specialist, to commence with a Trustee Sale on the Subject Property, while PS Funding was under the Bankruptcy Court Judge's Automatic Stay Order. *Id.* ¶¶ 41-42.

On June 17, 2024, Plaintiffs mailed and had independent confidential mail carried to service to Defendant Zeyad Elalami and Wasifi a request for information as to the Notice to Occupant to Vacate Premises. *Id.* ¶ 45. Wasifi had filed in Van Nuys Superior Court of California, Case Number: 24VEUD01210, numerous Ex-Parte Unlawful Detainer Motions to evict the Plaintiffs from the Subject Property. *Id.* Defendant Wasifi filed for a Writ of Possession. *Id.* Plaintiffs had not received any kind of notice from Wasifi, and due to that his false swearing, the court issued the writ in February of 2025. *Id.*

On May 9, 2025, while Plaintiffs left to work that morning, Wasifi, Zeyad Elalami and Zeyad Elalami's Brother, Mamdouh Elalami, went with a Peace Officer under a Peaceful Escort to change the Subject Property's Locks while the Plaintiffs were at work, and upon returning, Plaintiffs could not enter the Subject Property and was not able to retrieve basic care items and necessities. *Id.* ¶ 46.

### B. Procedural History

On August 20, 2025, Plaintiffs filed suit in this Court. Compl. The Complaint asserted twenty-five causes of action: (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) fraud and misrepresentation, (4) fraud in factum, (5) violation of notice law, (6) violation of disclosure law, (7) violation of California Financial Code § 22000 et seq., (8) violation of the S.A.F.E. Act, (9) violation of the National Mortgage Licensing Act and Registry System, (10) fraud and misrepresentation upon the FHA, (11) violation of 42 U.S.C. § 1986, (12) violation of 18 U.S.C. §§ 241 and 242, (13) violation of 18 U.S.C. § 1001, (14) violation of 18 U.S.C. § 1621, (15) violation of 18 U.S.C. § 1341, (16) violation of 18 U.S.C. § 1343, (17) violation of California Business and Professional Code § 17200, (18) usury, (19) unlawful foreclosure, (20) violation of

California Senate Bill 1079, (21) fraud and misrepresentation upon California Senate Bill 1079, (22) illegal eviction, (23) violation of ponzi schemes, (24) violation of the RICO Act, and (25) Intentional Infliction of Emotional Distress. *See id.*

On September 11, 2025, Defendants filed the instant Motion. Motion. Per the Court's Civil Standing Order, Plaintiffs' Opposition was due on September 25, 2025. Civil Standing Order § VIII(B).

On November 21, 2025, Plaintiffs and Defendant Luxor Funding filed a stipulation to continue the motions hearing. Dkt. No. 44. On December 8, 2025, Defendant's counsel emailed the Court, stating the continuance was no longer needed.

On December 12, 2025, Plaintiffs submitted, via mail, a Request for Extension to File an Opposition.

The hearing on Defendants' Motion was scheduled for December 18, 2025. The Court, on December 17, 2025, took the matter under submission. Dkt. No. 46.

## II.    Applicable Law

### A.  Federal Court Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction," and can only hear cases where there is a valid basis for federal jurisdiction. *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991). One possible basis for jurisdiction is federal question jurisdiction pursuant to 28 U.S.C. § 1331, which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Another basis for jurisdiction is diversity jurisdiction. *See* 28 U.S.C. § 1332 ("Section 1332"). Diversity jurisdiction requires "requires complete diversity of citizenship and an amount in controversy greater than $75,000." *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020).  While citizenship to a state is not necessarily tied to residence, a "party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Adams v. W, Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020).

When a plaintiff files an action in state court over which federal courts might have jurisdiction, the Defendant may remove the action to federal court. *See* 28 U.S.C. § 1446. "As specified in § 1446(a), a Defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). There are two different possible deadlines for a Defendant to remove, depending on the circumstances. *See* 28 U.S.C § 1446(b)(1); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692–93 (9th Cir. 2005). If the "case clearly is removable on the basis of jurisdictional facts apparent from the face of the complaint," then the Defendant must file a notice of removal within 30 days of service. *Harris*, 425 F.3d at 692. However, if "it is unclear from the complaint whether the case is removable," then the Defendant need not immediately remove, and instead must remove "within thirty days after the Defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Id.* at 694 (citing 28 U.S.C § 1446(b)(1)). "Notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694.

"If the plaintiff subsequently challenges the removal, the burden is on the removing Defendant to prove that removal is proper." *See Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotk*a, 599 F.3d 1102, 1006–07 (9th Cir. 2010); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the Defendant always has the burden of establishing that removal is proper.").

### B.  Failure to State a Claim

Defendants bring their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) allows a party to seek to dismiss a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Labels, conclusions, and "formulaic recitation of a cause of action's elements" are insufficient. *Twombly*, 550 U.S. at 545.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); Lee, 250 F.3d at 679. But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

When a party claims "fraud or mistake, a party a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054-55 (9th Cir. 2011) (explaining the "heightened pleading standard of Rule 9(b) and how fraud must state with particularity the circumstances constituting fraud).

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

### III.    Discussion

Defendants base the Motion on the following arguments: (1) Plaintiffs have failed to state a claim for relief under Rule 12(b)(6), and (2) the Court lacks federal subject matter jurisdiction over Defendants under Rule 12(b)(1). *See* Motion. For the reasons stated below, the Court finds that Plaintiffs have failed to state a claim upon which relief can be granted, and the Court lacks jurisdiction over Defendants.

#### A.  Plaintiffs' Complaint Does Not State a Claim Upon Which Relief can be Granted

Plaintiffs' Complaint asserts twenty-five causes of action against Defendants. *See* Compl. Defendants argue that twenty-four causes of action either: (1) "fails to plead sufficient facts to

establish all required elements," or (2) does not provide Plaintiffs with a "private right of action." Motion at 4-5. The Court will address the arguments set forth as to each cause of action.

        i.  <u>Plaintiffs Fail to Plead Sufficient Facts With Respect to Several of Their Claims.[2]</u>

        *1.  Breach of Contract and Deed of Trust*

Defendants claim that Plaintiffs' allegations "are directed primarily at other defendants," and "Plaintiffs do not allege the existence of a contract or deed of trust between Plaintiffs and Defendants." Motion at 11.

The elements of a breach of contract claim are: (1) the existence of a contract; (2) Plaintiffs' performance of the contract; (3) defendant's material breach of the contract; and (4) damages to plaintiff resulting from the breach. *Abdelhamid v Fire Ins. Exchange*, 106 Cal. Rptr. 3d 26, 32 (Cal. Ct. App. 2010).

Plaintiffs' Complaint states "Despite Plaintiffs' performance, Defendants PS Funding, Inc., Brewster Johnson, and Romy Lasam . . . wrongfully declared Plaintiffs in default, recorded a Notice of Default, and later a Notice of Trustee's Sale." Compl. ¶ 57. The subsequent sentences alleges that Defendants committed acts "in contravention of the express terms of the Deed of Trust and applicable law." *Id.* Although Plaintiffs assert the existence of a loan contract, their performance, breach, and damages, the allegations set forth are not directed at the Defendants in the instant Motion. *Id.* ¶¶ 57-59; *Abdelhamid*, 106 Cal. Rptr. 3d at 32. Plaintiffs may argue that they included "Defendants," and thus, the cause of action includes Defendants. However, the Complaint appears to qualify "Defendants" with regard to the breach of contract allegation by initially listing "Defendants PS Funding, Inc., Brewster Johnson, and Romy Lasam." *Id.* Notably, there is no allegation of the existence of a contract between the Plaintiff and the instant Defendants. Given the qualifying

---

[2] In light of Plaintiffs' late Request for Extension of Time to File an Opposition, the Court, although finding that amendment would be futile, will permit amendment to the dismissed claims under this subsection.

Further, when manually submitting filings to the Court, Plaintiffs are instructed to file the documents with the Intake Window. If Plaintiffs do not file the documents with the Intake Window, Plaintiffs shall email the documents, in pleading format, and a prepared proposed order to the Court's chambers (@memf_chambers@cacd.uscourts.gov).

language and lack of contract between the parties, the Court finds that Plaintiffs have failed to sufficiently plead a breach of contract. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court finds reason to dismiss the breach of contract claim as to Defendants with leave to amend.

### 2. Breach of Implied Covenant of Good Faith and Fair Dealing

Defendants similarly contend that because "no contract exists between Plaintiffs and Defendants, there can be no implied covenant claim." Motion at 12.

Under California law, "there is an implied covenant of good faith and fair dealing in every contract." *3500 Sepulveda, LLC v. Macy's W. Stores, Inc.* 980 F.3d 1317, 1324 (9th Cir. 2020) (citing *Foley v. Interactive Data Corp.*, 765 P.2d 373, 389 (Cal. 1988)). "A party can breach the covenant without 'breach of a specific provision of the contract.'" *Id.* (citing *Carma Dev. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 826 P.2d 710, 727 (Cal. 1992)). The "question is whether the party's conduct, 'while not technically transgressing the express covenants . . . frustrates the other party's rights to the benefits of the contract.'" *Id.* (citing *Racine & Laramie, Ltd. v. Dep't of Parks & Rec.*, 14 Cal. Rptr. 2d 335, 339 (Cal. Ct. App. 1992)).

Plaintiffs' Complaint acknowledges the necessity of a contract to plead an implied covenant claim. Compl. ¶ 61. As stated above, the Court does not find the existence of a contract between Plaintiffs and Defendants. And the same qualifying language discussed is included in Plaintiffs' second cause of action allegations. *Id.* ¶ 63. Thus, the Court finds that Plaintiffs have failed to sufficiently plead a breach of implied covenant of good faith and fair dealing. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court finds reason to dismiss the breach of implied covenant of good faith and fair dealing cause of action as to Defendants with leave to amend.

### 3. Fraud and Misrepresentation

Defendants next argue that Plaintiffs have not alleged that "Defendants made any misrepresentations to Plaintiffs which caused them harm." Motion at 12.

To establish fraud, there must be: (1) a misrepresentation, (2) knowledge of falsity, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damages. *Lazar v. Superior Court*, 909 P.2d 981, 984-85 (Cal. 1996).

Plaintiffs' Complaint claims "Defendants Mona Elalami, Zeyad Elalami, [and] Luxor Funding Group, Inc. [] misrepresented that Mona Elalami was the highest bidder." Compl. ¶ 68. The Complaint also alleges that Defendants falsely claimed that "Luxor Funding Group, Inc. and/or Zeyad Elalami were licensed lenders in California." *Id.* ¶ 69. The Court finds these allegations resemble legal conclusions rather than particular factual allegations as they fail to detail what acts each Defendant committed, when they were committed, and the knowledge of falsity. Also, the Court, as Defendants explain, finds that these alleged misrepresentations were made to third-party auctioneers of Plaintiffs' property. Motion at 12. Plaintiffs' allegations do not illustrate how the misrepresentations affected the default and foreclosure issues or how Plaintiffs were harmed by reasonably relying on the misrepresentations. Thus, the Court finds that Plaintiffs have not pleaded sufficient facts to assert a claim for fraud or misrepresentation. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court finds reason to dismiss the fraud and misrepresentation cause of action as to Defendants with leave to amend.

### 4.  Fraud in Factum

Defendants contend that because fraud in factum requires a written instrument or contract, this cause of action should be dismissed as Plaintiffs "do not allege any contract or inducement involving Defendants." Motion at 13.

Under California law, fraud can take two forms: factum and inception. *Rosenthal v. Great W. Fin. Sec. Corp.*, 926 P.2d 1061, 1073 (Cal. 1996). Fraud in factum occurs when "the promisor is deceived as to the nature of his act, and actually does not know what he is signing, or does not intend to enter into a contract at all." *Id.* Fraud in the inception is when the promisor knows what is being signed but the promisor's consent is induced by fraud. *Id.*

Plaintiffs' Complaint alleges that Defendants "created and recorded a Deed of Trust . . . that falsely stated the loan was backed and insured by the Federal Housing Administration." Compl. ¶ 75. As discussed, Defendants' misrepresentations were made to third parties, not Plaintiffs. Further,

there is no contractual agreement between Plaintiffs and Defendants. Thus, Plaintiffs have failed to sufficiently plead a cause of action for fraud in factum. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court finds reason to dismiss the fraud in factum cause of action as to Defendants with leave to amend.

### 5.   *Violation of 42 U.S.C. 1986*

Defendants argue that a Section 1986 claim "requires an underlying violation of [] Section 1985." Motion at 13. Because Plaintiffs' allegations do not allege any Section 1985 violation, Defendants conclude that Plaintiffs have not sufficiently pled this cause of action. *Id.*

Section 1986 provides that if wrongful act under Section 1985 is committed, a party is entitled to recover "all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case." 42 U.S.C. 1986. Section 1985 sets forth three potential violations requiring "two or more persons": (1) preventing an officer from performing duties, (2) obstructing justice in federal or state courts, and (3) depriving persons of rights and privileges. 42 U.S.C. 1985.

Plaintiffs allege that "[e]ach and [e]very Defendant knew or should have that actions undertaken by themselves and/or their co-defendants . . . constituted violations of Plaintiffs' constitutionally protected rights." Comp. ¶ 122. The Complaint further states that Defendants had the ability to prevent or mitigate the wrongful conduct. *Id.* ¶¶ 123-24. Defendants emphasize that Plaintiffs do not allege any section 1985 violation or a conspiracy specifically involving Defendants. The Court agrees. The Complaint states that Defendants violated Section 1985 but with no reference or detail as to the specific acts any of the Defendants committed. *Id.* ¶ 125. Although some Defendants are specifically named in the Complaint, one cannot discern which specific Defendants the Complaint intends to refer to as to the Section 1986 allegations. *Id.* As a result, none of the Defendants have sufficient notice of their alleged misconduct. Therefore, the Court finds that Plaintiffs have failed to sufficiently plead a cause of action for Section 1986 violations. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court does finds reason to dismiss the Section 1986 cause of action against Defendants with leave to amend.

### 6. *Usury*

Defendants then assert that Plaintiffs' usury cause of action cannot stand because there is no allegation that Defendants "extended a loan to [Plaintiffs] or that Plaintiffs paid or owed interest to Defendants." Motion 13-14.

The essential elements for a usury cause of action are: "(1) The transaction must be a loan or forbearance; (2) the interest to be paid must exceed the statutory maximum; (3) the loan and interest must be absolutely repayable by the borrower; and (4) the lender must have a willful intent to enter into a usurious transaction." *Ghirardo v. Antonioli*, 883 P.2d 960, 965 (Cal. 1994).

Plaintiffs' Complaint alleges that Defendants "engaged in a deliberate scheme to profit from a purported 'loan' secured by a deed of trust against Plaintiffs' property and fabricated fraudulent loan documentation to assert a false debt obligation." Compl. ¶ 170. The Complaint also claims that Defendants "attempted to receive payments from Plaintiffs under false pretenses, using the threat of eviction to extort payments." *Id.* ¶ 172. Although Plaintiffs allege the existence of a loan and usurious intent, they do not assert there is a loan or forbearance with the Defendants. The loan at issue involves Plaintiff and Defendant PS Funding. There is no loan or owed interest to Defendants. Motion at 14. Therefore, Plaintiffs have not pled sufficient facts for a usury cause of action. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court finds reason to dismiss the usury cause of action as to Defendants with leave to amend.

### 7. *Unlawful Foreclosure*[3]

Defendants argue that this cause of action is directed at other Defendants, and they had no role in the foreclosure. Motion at 14.

"A foreclosure initiated by one with no authority to do so is wrongful for purposes of such an action." *Yvanova v New Century Mortgage Corp.*, 365 P.3d 845, 851 (Cal. 2016). Plaintiffs Complaint alleges a failure to comply with California Civil Code Sections 2923.5 and 2924. Compl.

---

[3] There does not appear to be a cause of action for Unlawful Foreclosure. The Court takes the position that Plaintiffs intended to assert a claim for Wrongful Foreclosure and will address the dispute as such.

¶ 177. Sections 2923.5 and 2924 set forth requirements for notices of default and notices of trustee sales. *See* Cal. Civ. Code §§ 2923.5, 2924.

Similar to Plaintiffs' earlier causes of action, the unlawful foreclosure cause of action seems to be limited through qualifying language as paragraph 177 of the Complaint only asserts violations as to "Defendants PS Funding, Inc., Brewster Johnson, and Romy Lasam." Compl. ¶ 177. Given that the allegations do not implicate Defendants, Defendants did not purchase the property, and Defendants were not involvement in the foreclosure, the Court concludes that Plaintiffs have failed to sufficiently plead a cause of action for unlawful foreclosure. *See generally* Compl.; Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court finds reason to dismiss the unlawful foreclosure cause of action as to Defendants with leave to amend.

### 8. *Violation of the RICO Act*

Defendants maintain that Plaintiffs' Complaint fails to plead facts with particularity under Rule 9(b), as the allegations are merely conclusory assertions. Motion at 14-16.

With respect to RICO claims specifically, the Ninth Circuit has generally applied Rule 9(b) to require "a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991), *cert. denied*, 502 U.S. 1094 (1992). All RICO claims involving fraud must be alleged with particularity under Fed. R. Civ. P. 9(b). *Id.* ("The Ninth Circuit has repeatedly insisted that [Fed. R. Civ. P. 9(b)'s heightened pleading requirement] be followed in RICO actions alleging the predicate act of mail fraud."); *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1400 (9th Cir. 1986) (applying Fed. R. Civ. P. 9(b)'s heightened pleading requirement to allegations of mail and wire fraud). However, the non-fraud aspects of a RICO claim are not subject to Rule 9(b). Gregory P. Joseph, *Civil RICO: A Definitive Guide* 265, 267 (5th ed. 2018) ("Rule 9(b) applies to the allegations of a RICO complaint only to the extent that they sound in fraud.").

Plaintiffs' Complaint describes how Defendants "constituted an 'enterprise' within the meaning of [Section] 1961(4), as they were in fact for the common purpose of executing a fraudulent

foreclosure and investment scheme involving Plaintiffs' property and funds. Compl. ¶¶ 203-09. It specifies that Defendants sent "fraudulent foreclosure notices, loan documents, and communications" via U.S. mail and wires to illegally obtain property and funds—in violation of 18 U.S.C. §§ 1341, 1343. *Id.* Despite this, the Complaint lacks the particularity required under Rule 9(b). Plaintiffs appear to group all Defendants together, failing to elaborate on how each Defendant played a role in the alleged RICO violation. *Lancaster Cmty. Hosp.*, 940 F.2d at 405 (emphasis added). The Complaint fails to provide any further detail, at minimum, as to which Defendants contributed to the fraud, or in what way. *See* Compl. ¶¶ 203-09. Although some Defendants are specifically named in the Complaint, one cannot discern which specific Defendants the Complaint intends to refer to as to the RICO allegations. *Id.* As a result, none of the Defendants have sufficient notice of their alleged misconduct. Therefore, the Court finds that Plaintiffs have failed to sufficiently plead a cause of action for RICO violations. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court finds reason to dismiss the RICO cause of action as to Defendants with leave to amend.

### 9. Intentional Infliction of Emotional Distress ("IIED")

Defendants argue that Plaintiffs' IIED allegations are directed at other Defendants. Motion at 16.

To establish a tort claim for IIED, a plaintiff must establish: (1) extreme and outrageous conduct by the defendant, (2) intent of causing, or reckless disregard of the probability of causing, emotional distress, (3) severe or extreme emotional distress, and (4) actual and proximate causation of the emotional distress. *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 819-20 (Cal. 1993).

Plaintiffs' Complaint asserts that Defendants engaged in "extreme and outrageous" related to the foreclosure, eviction, loan, and deed of trust. Compl. ¶ 212. Allegedly, these actions were intended to cause severe emotional distress or constituted a reckless disregard of the probability of causing emotional distress—resulting in Plaintiffs "severe emotional distress." *Id.* ¶¶ 213-14. Plaintiffs appear to argue that each Defendant involved in the entire factual circumstances committed IIED. The Complaint, however, merely restates the elements of IIED—without detailing how each Defendant's conduct satisfied each element. *Id.* ¶¶ 212-27. The Complaint does not

elaborate on the extreme and outrageous conduct specifically to Defendants. As such, the Court does not find Plaintiffs sufficiently pled facts for their IIED cause of action. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court finds reason to dismiss the IIED cause of action as to Defendants with leave to amend.

### 10. Illegal Eviction

Defendants argue that there is no "Illegal Eviction" cause of action. Assuming one exists, Defendants state emphasizes that there was a writ of possession provided by the court in an unlawful detainer action and thus, the "eviction could not inherently be 'illegal.'" Motion at 19.

The Complaint alleges that Defendants, "without obtaining a valid court order for possession, engaged in illegal evictions by" causing Plaintiffs to be removed from the property. Compl. ¶ 194. Plaintiffs cite to California Code of Civil Procedure Sections 1159 to 1179a. *Id.* ¶ 193. Although the Court does not believe an "Illegal Eviction" cause of action exists, Plaintiffs cite to state statutes and explicitly allege "unlawful detainer actions." *Id.* As such, the Court will address the allegations under those claims. Section 1159 to 1179a concern unlawful entry into one's property and requirements under unlawful detainer actions. Cal. Code Civ. P. §§ 1159-79a. Plaintiffs express that the writ of possession was obtained through misrepresentation by Defendant Wasifi. Compl. ¶ 45. But there appears to be an absence of an unlawful entry. As such, the Court finds Plaintiffs sufficiently pled a cause of action for an unlawful detainer action.

Accordingly, the Court dismisses the Illegal Eviction cause of action as to Defendants with leave to amend.

    i. <u>Plaintiffs Do Not Have a Private Right of Action As to Several of Their Claims.</u>

### 1. Violation of the Notice Law

Defendants claim that there is no recognized "private cause of action for "violation of notice law." Motion at 13. Under this cause of action, Plaintiffs allege that Defendants recorded a notice of default and proceeded with a notice of trustee sale, knowing that Plaintiffs were not in default and that they had no lawful authority. Compl. ¶¶ 80-81. Plaintiffs also provide that Defendants failure to respond to Plaintiffs' written notices and concerns substantiates their unlawful conduct.

The Court is unaware of a private cause of action for "violation of notice law." Aside from a bankruptcy-related stay federal statute, the Complaint does not cite a federal or state statute for which the cause of action is based upon. As such, the Court does not find a private right of action.

Accordingly, the Court finds reason to dismiss the Violation of Notice Law cause of action as to Defendants without leave to amend.

> 2. *Violation of the Disclosure Law; California Financing Law, Cal. Fin. Code § 22000 et seq.*

Defendants argue that these causes of action are regulatory statutes, and do not provide a private right of action. Motion at 17.

Plaintiffs' Complaint alleges failures to disclose material information related to Defendants' loans and licensing. Compl. ¶¶ 90, 99-101. The Complaint also asserts that Defendants refused to respond to Plaintiffs' concerns and Plaintiffs were harmed due to the deprivation of critical information. *Id.* ¶¶ 92-96, 102.

Each cause of action implicates California Financial Code Section 22000 et seq.—a regulatory statute. Cal. Fin. Code § 22000 et seq. As such, Plaintiffs have no private right of action as to either cause of action.

Accordingly, the Court finds reason to dismiss the Violation of Notice Law cause of action as to Defendants without leave to amend.

> 3. *Violation of Section 1507 of the S.A.F.E. Act, 12 U.S.C § 5106 & 12 C.F.R. § 1007; Violation of the Nationwide Mortgage License System and Registry*

Defendants assert that the Secure and Fair Enforcement for Mortgage Licensing Act of 2008 ("S.A.F.E. Act") establishes a "system for registering mortgage loan originators but does not provide a private right of action." Motion at 17.

The Complaint argues that Defendants violated the S.A.F.E. Act by acting as a loan originator in connection with the at issue property without having the proper license. Compl. ¶ 105-06. Although the S.A.F.E. Act provides requirements pertaining to loan originators, the statute does not set forth language granting a private right of action. Rather, it refers parties to several different acts. *See* 12 U.S.C. § 5101 et seq. As the Complaint cites only the S.A.F.E. Act, without any other

statute providing a private right of action, the Court finds that Plaintiffs have failed to sufficiently plead causes of action under the S.A.F.E. Act. *Id.*; Compl. ¶¶ 103-14.

Accordingly, the Court finds reason to dismiss the S.A.F.E. Act causes of action as to Defendants without leave to amend.

#### 4. *Fraud and Misrepresentation Upon the Federal Housing Administration*

Defendants claim that fraud claims upon the Federal Housing Administration ("FHA") "must be pursued through administrative remedies." Motion at 17.

"The overall purpose of the FHA mortgage insurance program is to encourage leading lenders, in exchange for a government guarantee of the loan, to extend mortgages to those carrying higher credit risks. . . . Thus, the regulations do not control directly the relationship between the mortgagor and mortgagee and may not be invoked by the mortgagor as a sword in an offensive cause of action against the mortgagee." *Pfeifer v. Countrywide Home Loans, Inc.*, 150 Cal. Rptr. 3d 673, 688 (Cal. Ct. App. 2012).

The Complaint cites to 18 U.S.C. § 1001, alleging that Defendants "engaged in fraud and misrepresentation upon the FHA by submitting false and/or misleading" loan documents. Compl. ¶¶ 116-17. Although the Complaint details the alleged misrepresentation and a party may be fined under Section 1001 for misrepresentations, Plaintiffs' cause of action centers around the FHA. Pursuant to California law, there is no private right of cause of action through the FHA as to the parties' mortgage dispute. As such, Plaintiffs have not sufficiently pled this cause of action.

Accordingly, the Court finds reason to dismiss the Fraud and Misrepresentation Upon the FHA cause of action as to Defendants without leave to amend.

#### 5. *Violation of 18 U.S.C. §§ 241, 242, 1001, 1341, 1343, 1621*

Defendants contend that Sections 241, 242, 1001, 1341, 1343, and 1621 are "criminal statutes and do not provide a private right of action." Motion at 18.

The Complaint asserts that by knowingly and willfully making misrepresentations and engaging in a conspiracy, Defendants violated Sections 241, 242, 1001, 1341, 1343, and 1621. *See generally* Compl,

17

Sections 241, 242, 1001, 1341, 1343, and 1621, however, are criminal statutes and thus, can only be brought by the government. *See* 18 U.S.C. §§ 241, 242, 1001, 1341, 1343, 1621. They do not provide a private right of action. *Id.* As such, Plaintiffs have not sufficiently pled these causes of action.

Accordingly, the Court finds reason to dismiss the Violation of 18 U.S.C. §§ 241, 242, 1001, 1341, 1343, and 1621 causes of action as to Defendants without leave to amend.

### 6.   *Fraud and Misrepresentation Under Senate Bill 1079*

Defendants advance that only a state regulatory agency can enforce compliance of senate bill 1079. Motion at 18.

The Complaint alleges violations of senate bill 1079 due to Defendants' "fraud and misrepresentation regarding SB 1079 by representing that they would comply with the post-sale rights and notice provisions mandated under California Civil Code § 2924m." Compl. ¶ 187. As argued by Defendants, senate bill 1079 does not confer a private right of action. Even if it did, Plaintiffs have failed to meet the Rule 9(b) particularity standards to properly plead the claimed fraud. Plaintiffs generally assert that each Defendant violated senate bill 1079 without detailing particular violative acts committed by Defendants. As such, the Court finds that Plaintiffs have failed to sufficiently plead their senate bill 1079 cause of action.

Accordingly, the Court finds reason to dismiss the senate bill 1079 causes of action as to Defendants without leave to amend.

### 7.   *Violation of Ponzi Schemes*

Defendants contend that a ponzi scheme is a "form of fraud" and statutes regulating such schemes "do not create a private right of action." Motion at 19.

Plaintiffs' Complaint alleges violations of California Penal Code Section 532, the Federal Securities Act of 1933, and the Securities Exchange Act of 1934 based on Defendants' alleged misrepresentations and "[s]oliciting Plaintiffs to invest or participate in purported secured real estate transactions." Compl. ¶ 199. First, California Penal Code Section 532 is a criminal statute and thus, does not provide a private right of action. Second, contrary to Defendants' assertions, several sections of the Federal Securities Act of 1933, codified at 15 U.S.C. § 77a, "creates private rights of

action to aid the enforcement of obligations pertaining to securities offerings." *Cyan, Inc. v. Beaver County Employees Ret. Fund*, 583 U.S. 416, 420 (2018). This is also true for the Securities Exchange Act of 1934. *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148, 156-57 (2008) (discussing the private right of action pertaining to fraudulent conduct and the purchase or sale of any security under 15 U.S.C. § 78j). Despite the existence of private rights of action, the Complaint fails to specify the relevant section under either statute or detail the violative acts as to each Defendant. As a result, none of the Defendants have sufficient notice of their alleged misconduct. Therefore, the Court finds that Plaintiffs have failed to sufficiently plead a cause of action for Ponzi Scheme violations. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court finds reason to dismiss the Ponzi Scheme cause of action as to Defendants without leave to amend.

### B. The Court Lacks Subject Matter Jurisdiction.

As the Court does not find a single federal cause of action properly pled, there is no federal question jurisdiction. 28 U.S.C. § 1331. The Court will address the existence of federal diversity jurisdiction.

Defendants argue that the parties lack complete diversity because the Plaintiffs and Defendants are California residents. Motion at 19. Because the Complaint claims that Plaintiffs all named Defendants reside in California, the parties are not diverse under 28 U.S.C. § 1332. Compl. ¶ 1, 8-10. Therefore, there is no basis for federal diversity jurisdiction.

Accordingly, the Court finds reason to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction.

### IV. <u>Conclusion</u>

For the reasons stated herein, Defendants' Motion is GRANTED and the Court ORDERS as follows:

1. Plaintiffs' cause of action for breach of contract is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

2. Plaintiffs' cause of action for breach of implied covenant of good faith and fair dealing is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

3. Plaintiffs' cause of action for fraud and misrepresentation is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

4. Plaintiffs' cause of action for fraud in factum is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

5. Plaintiffs' cause of action for violation of notice law is DISMISSED WITHOUT LEAVE TO AMEND;

6. Plaintiffs' cause of action for violation of disclosure law is DISMISSED WITHOUT LEAVE TO AMEND;

7. Plaintiffs' cause of action for violation of California Financial Code § 22000 et seq. is DISMISSED WITHOUT LEAVE TO AMEND;

8. Plaintiffs' cause of action for violation of the S.A.F.E. Act is DISMISSED WITHOUT LEAVE TO AMEND;

9. Plaintiffs' cause of action for violation of the National Mortgage Licensing Act and Registry System is DISMISSED WITHOUT LEAVE TO AMEND;

10. Plaintiffs' cause of action for fraud and misrepresentation upon the FHA is DISMISSED WITHOUT LEAVE TO AMEND;

11. Plaintiffs' cause of action for violation of 42 U.S.C. § 1986 is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

12. Plaintiffs' cause of action for violation of 18 U.S.C. §§ 241 and 242 is DISMISSED WITHOUT LEAVE TO AMEND;

13. Plaintiffs' cause of action for violation of 18 U.S.C. § 1001 is DISMISSED WITHOUT LEAVE TO AMEND;

14. Plaintiffs' cause of action for violation of 18 U.S.C. § 1621 is DISMISSED WITHOUT LEAVE TO AMEND;

15. Plaintiffs' cause of action for violation of 18 U.S.C. § 1341 is DISMISSED WITHOUT LEAVE TO AMEND;

16. Plaintiffs' cause of action for violation of 18 U.S.C. § 1343 is DISMISSED WITHOUT LEAVE TO AMEND;

17. Plaintiffs' cause of action for usury is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

18. Plaintiffs' cause of action for unlawful foreclosure is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

19. Plaintiffs' cause of action violation of California Senate Bill 1079 is DISMISSED WITHOUT LEAVE TO AMEND;

20. Plaintiffs' cause of action for fraud and misrepresentation upon California Senate Bill 1079 is DISMISSED WITHOUT LEAVE TO AMEND;

21. Plaintiffs' cause of action for violation of ponzi schemes is DISMISSED WITHOUT LEAVE TO AMEND;

22. Plaintiffs' cause of action for violation of the RICO Act is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

23. Plaintiffs' cause of action for illegal eviction is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

24. Plaintiffs' cause of action for IIED is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

25. The Court lacks federal subject matter jurisdiction; and

26. The deadline for Plaintiffs to file an Amended Complaint shall be ninety (90) days from this Order. The Amended Complaint may include the following claims:

    a.  Breach of Contract;

    b.  Breach of Implied Covenant of Good Faith and Fair Dealing;

    c.  Fraud;

    d.  Fraud in Factum;

    e.  Violation of 42 U.S.C. 1986;

    f.  Usury;

    g.  Unlawful Foreclosure;

    h.  Violation of the RICO Act;

    i.  Illegal Eviction; and

    j.  Intentional Infliction of Emotional Distress.

V.    **Resources for Pro Se Litigants**

Although Plaintiffs are proceeding pro se, i.e., without legal representation, she nonetheless is required to comply with Court orders, the Local Rules, and the Federal Rules of Civil Procedure. See C.D. Cal. L.R. 83-2.2.3. The Local Rules are available on the Court's website, http://www.cacd.uscourts.gov/court-procedures/ local-rules.

The Court cannot provide legal advice to any party, including pro se litigants, i.e., parties who are not represented by a lawyer. There is a free "Pro Se Clinic" that can provide information and guidance about many aspects of civil litigation in this Court.

- Public Counsel runs a free Federal Pro Se Clinic where pro se litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012 (note that the clinic may not be open for in-person appointments during the pandemic). Pro se litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.

- Public Counsel also has extensive resources for pro se litigants at its website located at https://publiccounsel.org/services/federal-court/.

- The Court is also informed that the LA Law Library, located across the street from the

First Street Courthouse at 301 W. First Street, Los Angeles, CA 90012, also has extensive resources for pro se litigants. The LA Law Library can be reached via email at reference@lalawlibrary.org, or via telephone at (213) 785-2513.

IT IS SO ORDERED.

Dated: March 25, 2026

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

23