**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARINE AMIKHANYAN et al,<br><br>                    Plaintiffs,<br><br>          v.<br><br><br>LAURIE SELBER SILVERSTEIN et al,<br><br>                    Defendant. | Case No.:  2:25-cv-07794-MEMF-AGR<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS [DKT. NO. 27] AND GRANTING REQUEST FOR JUDICIAL NOTICE [DKT. NO. 27-2]** |

Before the Court are a Motion to Dismiss and Request for Judicial Notice filed by Defendant PS Funding, Inc. Dkt. No. 27 ("Motion"), 27-2 ("RJN"). For the reasons stated herein, the Court GRANTS the Motion.

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I.    Background

### A.  Factual Background[1]

#### i.    The Loan

Plaintiffs and Defendant PS Funding, Inc. are residents of California. Dkt. No. 1 ("Compl.") ¶¶ 1-13.

On February 2, 2021, Plaintiff Marine Amirkhanyan borrowed from PS Funding, Inc. ("PS Funding"), $665,000 at an interest rate of 8.990%, secured by real property. *Id.* ¶ 13. The loan had a maturity date of March 1, 2023. *Id.* Plaintiffs signed a Note and Deed of Trust. *Id.* Plaintiffs paid on time mortgage payments of $4,981.96 from 2021 to March 1, 2023 and made three additional mortgage payments from March 1, 2023 to June 2023. *Id.* ¶ 14. In June 2023, PS Funding informed Plaintiffs that it could not accept payments and should not have accepted Plaintiffs' three payments from March 1, 2023 to June 2023 as it was in Chapter 11 bankruptcy. *Id.* ¶ 15. PS Funding's bankruptcy was assigned to Judge Laurie Selber Silverstein and was subject to an automatic stay under 11 U.S.C. § 362. *Id.* ¶ 16.

In August 2023, Plaintiffs received a Notice of Default and Election to Sell Under Deed of Trust from California TD Specialist, an affiliate of PS Funding. *Id.* ¶ 17. Plaintiffs attempted to contact California TD Specialist but California TD Specialist refused Plaintiffs' request. *Id.* In December 2023, California TD Specialist sent Plaintiffs a Notice of Trustee's Sale, claiming that Plaintiffs owed PS Funding $764,180.97 and that the sale would take place on December 27, 2023, at 10:30 a.m. *Id.* ¶ 18. Plaintiffs then contacted Jennifer Duran, a real estate negotiator for assistance on the upcoming auction. *Id.* ¶ 19.

In January 2024, California TD Specialist held the Trustee's Sale and provided a Demand for Payoff regarding Plaintiffs' loan. *Id.* ¶ 21. Romy Lasam signed off on the demand, indicating that the Lender Agrees with the Amount in the Demand for the loan payoff. *Id.*

---

[1] Except as otherwise indicated, the following factual background is derived from Plaintiffs' Complaint. Dkt. No. 1 ("Compl."). The Court includes these allegations only as background and makes no finding on whether they are true.

Duran, during negotiations with California TD Specialist, requested an extension of time to meet with the perspective private lender and the extension was granted providing a new payoff date of April 15, 2024. *Id.* ¶ 22. During the negotiations, Plaintiffs were informed to file Chapter 13 bankruptcy for the amount owed under the loan. *Id.* ¶ 23. Plaintiffs' bankruptcy petition regarding the property loan was discharged as the writer of the petition did not mark the box to contest California TD Specialist's motion to discharge the property from the petition. *Id.*

     i. <u>Trustee Sale</u>

On April 16, 2025, California TD Specialist initiated a Trustee Sale on the property. *Id.* ¶ 24. The Auction Levying Officer issued a Post Foreclosure Trustee Sale, rather than a regulatory Trustee's Sale, and did not inform any bidder that the property was subject to a Mandatory California Redemption Law and California Code of Civil Procedures 729.030. *Id.*

     ii. <u>Bidder</u>

On April 16, 2024, Paladar Capital Investments, L.P. ("Paladar"), a bidder claiming to be at the Plaintiffs' property auction, filed an unverified Complaint against Plaintiffs for declaratory relief and quiet title. *Id.* ¶ 28. Plaintiffs filed an Answer on April 26, 2024, and an amended Answer on May 22, 2024. *Id.* ¶¶ 29-30. Paladar amended its Complaint on May 22, 2024. *Id.* ¶ 31. The amended Complaint alleged that Mona Elalami filed a false affidavit claiming to be the highest bidder at the April 16, 2024 auction. *Id.* ¶ 33.

Defendant Mona Elalami had not produced her Affidavit as she claimed in the month of April 2024. *Id.* ¶ 34. She claimed she was the highest bidder at the said auction on the "Subject Property" as stated also in Paladar's amended Complaint. *Id.* She lied and instead, allowed her father Zeyad R. Elalami and Luxor Funding Group, Inc., to act as a Lender for another bidder, Walid Wasifi, who bid on the Property and was the highest bidder. *Id.* Essentially, defendants Luxor Funding Group and Zeyad R. Elalami provided monies to Wasifi to purchase the Property at the foreclosure auction. *Id.* Luxor was "Not Licensed" as a California Lender with California Department of Protection and Innovation nor was Luxor registered with the National Mortgage Licensing Act and Registry System. *Id.* ¶ 37. Defendants allegedly knew that PS Funding was in a Chapter 11 proceeding in the Wilmington, Delaware District Bankruptcy Court and took advantage

of PS Funding's Bankruptcy situation and added themselves to the auction bidding as though Defendant Mona Elalami bid. *Id.* ¶ 39. Lasam and their associate California TD Specialist commenced with a Trustee Sale of the Subject Property on April 16, 2024, and commenced with a Notice of Default and Notice of Trustee Sale of the Subject Property starting in 2023 through 2024 with PS Funding, Inc. *Id.* ¶ 34. Lasam issued a Trustee Deed Upon Sale to Wasifi, and thus allowing their associate, California TD Specialist, to commence with a Trustee Sale on the Subject Property, while PS Funding was under the Bankruptcy Court Judge's Automatic Stay Order. *Id.* ¶¶ 41-42.

On June 17, 2024, Plaintiffs mailed and had independent confidential mail carried to service to Defendant Zeyad Elalami and Wasifi a request for information as to the Notice to Occupant to Vacate Premises. *Id.* ¶ 45. Wasifi had filed in Van Nuys Superior Court of California, Case Number: 24VEUD01210, numerous Ex-Parte Unlawful Detainer Motions to evict the Plaintiffs from the Subject Property. *Id.* Defendant Wasifi filed for a Writ of Possession. *Id.* Plaintiffs had not received any kind of notice from Wasifi, and due to that his false swearing, the court issued the writ in February of 2025. *Id.*

On May 9, 2025, while Plaintiffs left to work that morning, Wasifi, Zeyad Elalami and Zeyad Elalami's Brother, Mamdouh Elalami, went with a Peace Officer under a Peaceful Escort to change the Subject Property's Locks while the Plaintiffs were at work, and upon returning, Plaintiffs could not enter the Subject Property and was not able to retrieve basic care items and necessities. *Id.* ¶ 46.

### B.  Procedural History

On August 20, 2025, Plaintiffs filed suit in this Court. Compl. The Complaint asserted twenty-five causes of action: (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) fraud and misrepresentation, (4) fraud in factum, (5) violation of notice law, (6) violation of disclosure law, (7) violation of California Financial Code § 22000 et seq., (8) violation of the S.A.F.E. Act, (9) violation of the National Mortgage Licensing Act and Registry System, (10) fraud and misrepresentation upon the FHA, (11) violation of 42 U.S.C. § 1986, (12) violation of 18 U.S.C. §§ 241 and 242, (13) violation of 18 U.S.C. § 1001, (14) violation of 18 U.S.C. § 1621, (15) violation of 18 U.S.C. § 1341, (16) violation of 18 U.S.C. § 1343, (17) violation of California Business and Professional Code § 17200, (18) usury, (19) unlawful foreclosure, (20) violation of

California Senate Bill 1079, (21) fraud and misrepresentation upon California Senate Bill 1079, (22) illegal eviction, (23) violation of ponzi schemes, (24) violation of the RICO Act, and (25) Intentional Infliction of Emotional Distress. *See id.*

On October 13, 2025, Defendant filed the instant Motion. Motion. On the same day, Defendant filed a Request for Judicial Notice. RJN. Per the Court's Civil Standing Order, Plaintiffs' Opposition was due on October 27, 2025. Civil Standing Order § VIII(B).

On December 12, 2025, Plaintiffs submitted, via mail, a Request for Extension to File an Opposition.

The hearing on Defendant's Motion was scheduled for December 18, 2025. The Court, on December 17, 2025, took the matter under submission. Dkt. No. 46.

**REQUESTS FOR JUDICIAL NOTICE (DKT. NO. 27-2)**

**I.     Applicable Law**

A court may judicially notice facts that: "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b). Under this standard, courts may judicially notice "undisputed matters of public record," but generally may not notice "disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).

**II.     Discussion**

**A.  Defendant's Request for Judicial Notice Shall be Granted.**

In support of the Motion, Defendant requests the Court judicially notice ten (10) facts and documents. *See* RJN. Plaintiff has not filed an opposition to the request. The documents are listed below (with descriptions based on Defendant's descriptions of the documents):

1. Exhibit 1 – A true and correct copy the Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing ("Deed of Trust"), whereby Marine Amirkhanyan ("Marine") pledged all of her right, title, and interest in the real property located at 8202 Rhea Avenue, Los Angeles, CA 91335 (the "Property") to PS Funding, Inc. ("PSF"), which was duly recorded on February 24, 2021;

2. Exhibit 2 – A true and correct copy of the Notice of Default and Election to Sell Under Deed of Trust recorded in the Official Records of Los Angeles County as Instrument No. 20230550039;

3. Exhibit 3 – A true and correct copy of the Notice of Trustee's Sale recorded in the Official Records of Los Angeles County as Instrument No. 20230843820;

4. Exhibit 4 – A true and correct copy of the Records of the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court") of the case of In re Marine Amirkhanyan, Case No. 1:24-bk-10383-VK ("Bankruptcy Case");

5. Exhibit 5 – A true and correct copy of the Order entered by the Bankruptcy Court in the Bankruptcy Case on April 11, 2024, granting PSF relief from the automatic stay of 11 U.S.C. § 362(a) under 11 U.S.C. § 362(d)(1) and (d)(4);

6. Exhibit 6 – A true and correct copy of the Motion for Extension of Time to File Case Opening Documents filed by Plaintiff in the Bankruptcy Case on March 25, 2024;

7. Exhibit 7 – A true and correct copy of the Complaint filed by Marine against PSF and others in the United States District Court, Central District, as Case No. 2:24-cv-03061-JLS-MAR on April 15, 2024;

8. Exhibit 8 – A true and correct copy of the Order Granting Motion to Dismiss entered by the Honorable Josephine L. Staton in Case No. 2:24-cv-03061-JLS-MAR, dismissing Marine's claims against PSF without leave to amend;

9. Exhibit 9 – A true and correct copy of the Order Denying Motion to Vacate entered by the Honorable Josephine L. Staton in Case No. Case No. 2:24-cv-03061-JLS-MAR, denying Marine's motion to vacate the Court's Order Granting Motion to Dismiss;

10. Exhibit 10 – A true and correct copy of the Findings of Fact, Conclusions of Law, and Order Approving and Confirming the Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Debtors entered by the United States Bankruptcy Court for the District of Delaware on May 14, 2024, in the case of In re Peer Street, Inc., et al., Case No. 23- 10815 (LSS).

*See generally* RJN.

Exhibits 1-10 are public records, where its existence and contents (i.e., the fact that this document exists and that it contains the words it contains) cannot reasonably be disputed, and thus the Court will take judicial notice. Accordingly, the Court GRANTS Defendant's Request for Judicial Notice as to all documents, Exhibits 1-10.

## MOTION TO DISMISS (DKT. NO. 27)

### I.    Applicable Law

#### A. Federal Court Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction," and can only hear cases where there is a valid basis for federal jurisdiction. *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991). One possible basis for jurisdiction is federal question jurisdiction pursuant to 28 U.S.C. § 1331, which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Another basis for jurisdiction is diversity jurisdiction. *See* 28 U.S.C. § 1332 ("Section 1332"). Diversity jurisdiction requires "requires complete diversity of citizenship and an amount in controversy greater than $75,000." *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020).  While citizenship to a state is not necessarily tied to residence, a "party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Adams v. W, Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020).

When a plaintiff files an action in state court over which federal courts might have jurisdiction, the Defendant may remove the action to federal court. *See* 28 U.S.C. § 1446. "As specified in § 1446(a), a Defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). There are two different possible deadlines for a Defendant to remove, depending on the circumstances. *See* 28 U.S.C § 1446(b)(1); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692–93 (9th Cir. 2005). If the "case clearly is removable on the basis of jurisdictional facts apparent from the face of the complaint," then the Defendant must file a notice of removal within 30

days of service. *Harris*, 425 F.3d at 692. However, if "it is unclear from the complaint whether the case is removable," then the Defendant need not immediately remove, and instead must remove "within thirty days after the Defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Id.* at 694 (citing 28 U.S.C § 1446(b)(1)). "Notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694.

"If the plaintiff subsequently challenges the removal, the burden is on the removing Defendant to prove that removal is proper." *See Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotk*a, 599 F.3d 1102, 1006–07 (9th Cir. 2010); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the Defendant always has the burden of establishing that removal is proper.").

### B.  Failure to State a Claim

Defendants bring their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) allows a party to seek to dismiss a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Labels, conclusions, and "formulaic recitation of a cause of action's elements" are insufficient. *Twombly*, 550 U.S. at 545.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff.  *Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee*, 250 F.3d at 679.  But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

8

When a party claims "fraud or mistake, a party a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054-55 (9th Cir. 2011) (explaining the "heightened pleading standard of Rule 9(b) and how fraud must state with particularity the circumstances constituting fraud).

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

### C.  11 U.S.C. § 362

Per 11 U.S.C. § 362, "[t]he filing of a bankruptcy petition creates a bankruptcy estate, which is protected by an automatic stay of actions by all entities to collect or recover on claims." *Burton v. Infinity Capital Mgmt.*, 862 F.3d 740, 746 (9th Cir. 2017). "The automatic stay is self-executing, effective upon the filing of the bankruptcy petition." *Id.* (citing *In re Gruntz,*. 202 F.3d 1074, 1081 (9th Cir. 2000)). Section 362's scope is quite broad as "it is designed to provide breathing space to the debtor, prevent harassment of the debtor, assure that all claims against the debtor will be brought in the sole forum of the bankruptcy court, and protect creditors as a class from the possibility that one or more creditors will obtain payment to the detriment of others." *Id.*

### II.     Discussion

Defendant bases the Motion on the following arguments bases the Motion on the following arguments: (1) Plaintiffs have failed to state a claim for relief under Rule 12(b)(6), and (2) the Court lacks federal subject matter jurisdiction over Defendant under Rule 12(b)(1). *See* Motion. For the reasons stated below, the Court finds that Plaintiffs have failed to state a claim upon which relief can be granted, and the Court lacks jurisdiction over Defendant.

### A.  Plaintiffs' Complaint Does Not State a Claim Upon Which Relief Can be Granted.

Plaintiffs' Complaint asserts twenty-five causes of action against Defendant. *See* Compl. Defendant argues that each cause of action either: (1) "fails to plead sufficient facts to establish all

required elements," or (2) does not provide Plaintiffs with a "private right of action." Motion at I-IV. The Court will address the arguments set forth as to each cause of action.

        i. <u>Plaintiffs Fail to Plead Sufficient Facts With Respect to Several of Their Claims.[2]</u>

        *1. Breach of Contract and Deed of Trust*

Defendant claims that Plaintiffs' allegations do not properly state a cause of action because a Section 362 bankruptcy stay does not apply to PS Funding, Inc.'s ability to issue notices of default, and the bankruptcy court has ruled upon and dismissed Plaintiffs' allegations. Motion at 8-9.

The elements of a breach of contract claim are: (1) the existence of a contract; (2) Plaintiffs' performance of the contract; (3) defendant's material breach of the contract; and (4) damages to plaintiff resulting from the breach. *Abdelhamid v Fire Ins. Exchange*, 106 Cal. Rptr. 3d 26, 32 (Cal. Ct. App. 2010).

Plaintiffs' Complaint states that "[d]espite Plaintiffs' performance, Defendants PS Funding, Inc., Brewster Johnson, and Romy Lasam . . . wrongfully declared Plaintiffs in default, recorded a Notice of Default, and later a Notice of Trustee's Sale" while PS Funding, Inc. was under a Section 362 bankruptcy stay. Compl. ¶ 57. The subsequent sentences allege that Defendants committed acts "in contravention of the express terms of the Deed of Trust and applicable law" by refusing to accept payments, misrepresenting the loan balance, and initializing foreclosure without legal justification *Id.* Plaintiffs assert the existence of a loan contract, their performance, breach, and damages, and the allegations set forth are directed at Defendant in the instant Motion. *Id.* ¶¶ 57-59; *Abdelhamid*, 106 Cal. Rptr. 3d at 32.

Plaintiffs' first assertion centers on the Defendant's conduct while under a Section 362 bankruptcy stay. *Id.* Section 362 only stays proceedings against the debtor and PS Funding, Inc. received authorization from the bankruptcy to pursue "remedies to foreclosure" upon Plaintiffs'

---

[2] In light of Plaintiffs' late Request for Extension of Time to File an Opposition, the Court, although finding that amendment would be futile, will permit amendment to the dismissed claims under this subsection.

Further, when manually submitting filings to the Court, Plaintiffs are instructed to file the documents with the Intake Window. If Plaintiffs do not file the documents with the Intake Window, Plaintiffs shall email the documents, in pleading format, and a prepared proposed order to the Court's chambers (@memf_chambers@cacd.uscourts.gov).

property. RJN at 41. Plaintiffs' second assertion does state a claim for relief. As mentioned, Plaintiffs' allegations satisfy the elements for breach of contract. And the prior dismissal from the bankruptcy court derived from Plaintiffs' failure to prosecute the case, not Plaintiffs' failure to state a claim or the merits of the breach of contract claim. RJN at 129. Further, Defendant is a party to the loan agreement and the Deed of Trust. Thus, the Court finds that Plaintiffs have sufficiently pled a breach of contract cause of action. Fed. R. Civ. P. 12(b)(6).[3]

Accordingly, the Court does not find reason to dismiss the breach of contract claim as to Defendant.

### 2.  Breach of Implied Covenant of Good Faith and Fair Dealing

Defendant contends that it was entitled to notice Plaintiffs' default and proceed against the property. Motion at 10. Also, Defendant states that the Complaint merely asserts identical allegations and requests for relief as the breach of contract claim. Motion at 10-11.

Under California law, "there is an implied covenant of good faith and fair dealing in every contract." *3500 Sepulveda, LLC v. Macy's W. Stores, Inc.* 980 F.3d 1317, 1324 (9th Cir. 2020) (citing *Foley v. Interactive Data Corp.*, 765 P.2d 373, 389 (Cal. 1988)). "A party can breach the covenant without 'breach of a specific provision of the contract.'" *Id.* (citing *Carma Dev. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 826 P.2d 710, 727 (Cal. 1992)). The "question is whether the party's conduct, 'while not technically transgressing the express covenants . . . frustrates the other party's rights to the benefits of the contract.'" *Id.* (citing *Racine & Laramie, Ltd. v. Dep't of Parks & Rec.*, 14 Cal. Rptr. 2d 335, 339 (Cal. Ct. App. 1992)).

The Complaint contends that Defendant's refusal to accept payments, proceeding with default and trustee sale measures "knowing Plaintiffs' were not in default," and initializing an improper foreclosure violated the implied covenant. *Id.* ¶ 63. Taken together, Plaintiffs argue that "these actions were taken in bad faith, . . . and with the intent to accelerate foreclosure and deprive Plaintiffs of equity in the subject property. *Id.* ¶ 64. As a result, Plaintiffs have made a plausible showing that Defendant attempted to frustrate their rights under the loan agreement and deed of

---

[3] As Plaintiff Avetisyan is not a party to the contract, he lacks standing to sue under this claim.

trust. Defendant. The fact that Plaintiffs claims are similar to the breach of contract claim is unpersuasive. Because a breach of implied covenant can occur without breaching the contract, the Court finds Plaintiffs' allegations sufficient to plead a breach of implied covenant of good faith and fair dealing. Fed. R. Civ. P. 12(b)(6).[4]

Accordingly, the Court does not find reason to dismiss Court finds the breach of implied covenant of good faith and fair dealing as to Defendant.

### 3. Fraud and Misrepresentation

Defendant next argues that Plaintiffs have not met the Rule 9(b) particularity pleading standards as they do not "allege the who, what, when, where, and how the fraud occurred." Motion at 11.

To establish fraud, there must be: (1) a misrepresentation, (2) knowledge of falsity, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damages. *Lazar v. Superior Court*, 909 P.2d 981, 984-85 (Cal. 1996).

Plaintiffs' Complaint claims "Defendants PS Funding, Inc. and Romy Lasam made material misrepresentations of fact to Plaintiffs" such as "falsely asserting that Plaintiffs were in default on the loan despite timely payments; [r]ecording [n]otice of [d]efault and [n]otice of [t]rustee's [s]ale without lawful grounds. Compl. ¶ 67. The Court finds these allegations do not set forth a claim of fraud with particularity under Rule 9(b) as they fail to detail when the fraud occurred and what specific fraudulent actions Defendant committed. The Complaint further states that Defendant had knowledge of the falsity and induced Plaintiffs' reliance but does not describe the knowledge or falsity or how Plaintiffs relied on Defendant's statements. *Id.* ¶¶ 70-71. To the Court, the allegations constitute legal conclusions rather than particular factual allegations. Thus, the Court finds that Plaintiffs have not plead sufficient facts to assert a claim for fraud or misrepresentation. Fed. R. Civ. P. 12(b)(6).[5]

---

[4] As Plaintiff Avetisyan is not a party to the contract, he lacks standing to sue under this claim.

[5] As Plaintiff Avetisyan is not a party to the contract, he lacks standing to sue under this claim.

Accordingly, the Court finds reason to dismiss the fraud and misrepresentation cause of action as to Defendant with leave to amend.

### 4. Fraud in Factum

Defendant contends that this cause of action fails because Plaintiffs do not allege any conduct attributable to PS Funding, Inc. and the claim fails to meet Rule 9(b) pleading standards. Motion at 18.

Under California law, fraud can take two forms: factum and inception. *Rosenthal v. Great W. Fin. Sec. Corp.*, 926 P.2d 1061, 1073 (Cal. 1996). Fraud in factum occurs when "the promisor is deceived as to the nature of his act, and actually does not know what he is signing, or does not intend to enter into a contract at all." *Id.* Fraud in the inception is when the promisor knows what is being signed but the promisor's consent is induced by fraud. *Id.*

Plaintiffs' Complaint does not mention Defendant for this cause of action. As such, Defendant is not implicated, and this cause of action is not directed at Defendant. Thus, Plaintiffs have failed to sufficiently plead a cause of action for fraud in factum. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court finds reason to dismiss the fraud in factum cause of action as to Defendant with leave to amend.

### 5. Violation of 42 U.S.C. 1986

Defendant argues that a Section 1986 claim "requires an underlying violation of [] Section 1985" and that Plaintiffs do not allege any neglect to prevent a conspiracy under Section 1985. Motion at 11. Because Plaintiffs' allegations do not allege any Section 1985 violation, Defendant concludes that Plaintiffs have not sufficiently pled this cause of action. *Id.*

Section 1986 provides that if wrongful act under Section 1985 is committed, a party is entitled to recover "all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case." 42 U.S.C. 1986. Section 1985 sets forth three potential violations requiring "two or more persons": (1) preventing an officer from performing duties, (2) obstructing justice in federal or state courts, and (3) depriving persons of rights and privileges. 42 U.S.C. 1985.

Plaintiffs allege that "[e]ach and [e]very Defendant knew or should have that actions undertaken by themselves and/or their co-defendants . . . constituted violations of Plaintiffs' constitutionally protected rights." Comp. ¶ 122. The Complaint further states that Defendants had the ability to prevent or mitigate the wrongful conduct. *Id.* ¶¶ 123-24. Defendant emphasizes that Plaintiffs do not allege any section 1985 violation, a conspiracy specifically involving Defendant, and that Defendant is not a state actor. Motion at 12. The Court agrees. The Complaint states that Defendants violated Section 1985 but with no reference or detail as to the specific acts any of the Defendants committed. *Id.* ¶ 125. Although some Defendants are specifically named in the Complaint, one cannot discern which specific Defendants the Complaint intends to refer to as to the Section 1986 allegations. *Id.* As a result, none of the Defendants have sufficient notice of their alleged misconduct. Therefore, the Court finds that Plaintiffs have failed to sufficiently plead a cause of action for Section 1986 violations. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court does finds reason to dismiss the Section 1986 cause of action against Defendant with leave to amend.

### 6. Usury

Defendant then asserts that Plaintiffs' usury cause of action cannot stand because there is no allegation attributable to Defendant and PS Funding, Inc. is a licensed lender, exempting it from usury law. Motion 20.

The essential elements for a usury cause of action are: "(1) [t]he transaction must be a loan or forbearance; (2) the interest to be paid must exceed the statutory maximum; (3) the loan and interest must be absolutely repayable by the borrower; and (4) the lender must have a willful intent to enter into a usurious transaction." *Ghirardo v. Antonioli*, 883 P.2d 960, 965 (Cal. 1994).

Plaintiffs' Complaint alleges that Defendants "engaged in a deliberate scheme to profit from a purported 'loan' secured by a deed of trust against Plaintiffs' property and fabricated fraudulent loan documentation to assert a false debt obligation." Compl. ¶ 170. The Complaint also claims that Defendants "attempted to receive payments from Plaintiffs under false pretenses, using the threat of eviction to extort payments." *Id.* ¶ 172. None of the allegations are directed at Defendant. And Defendant is exempt from a usury cause of action. Cal. Const. art. XV, § 1.; Cal. Fin. Code § 22000,

*et seq.* Therefore, Plaintiffs have not pled sufficient facts for a usury cause of action. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court finds reason to dismiss the usury cause of action as to Defendant with leave to amend.

### 7. *Unlawful Foreclosure*[6]

Defendant argues that Plaintiffs' allegations are vague and that Plaintiffs never tendered payment of the fully-matured loan. Motion at 15.

"A foreclosure initiated by one with no authority to do so is wrongful for purposes of such an action." *Yvanova v New Century Mortgage Corp.*, 365 P.3d 845, 851 (Cal. 2016). Plaintiffs Complaint alleges a failure to comply with California Civil Code Sections 2923.5 and 2924. Compl. ¶ 177. Sections 2923.5 and 2924 set forth requirements for notices of default and notices of trustee sales. *See* Cal. Civ. Code §§ 2923.5, 2924.

Plaintiffs specify that the foreclosure was unlawful because Defendant initiated foreclosure proceedings without justification, recorded false documents, and misrepresented the amount owed. Compl. ¶ 177. Plaintiffs do not dispute that they never tendered the full payment of the loan. However, that is precisely the crux of the alleged unlawful foreclosure. Plaintiffs assert they were directed to not make payments by Defendant and then subsequently received default and foreclosure notices, implicating an unlawful foreclosure and violations of California Civil Code Sections 2923.5 and 2924. *Id.* ¶¶ 177-79. As such, the Complaint sufficiently pleads a cause of action for unlawful foreclosure. *See generally* Compl.; Fed. R. Civ. P. 12(b)(6).[7]

Accordingly, the Court does not find reason to dismiss the unlawful foreclosure cause of action as to Defendant.

### 8. *Violation of the RICO Act*

Defendant maintains that Plaintiffs' Complaint fails to be pleading with particularity standards under Rule 9(b), as the allegations are merely conclusory assertions. Motion at 20.

---

[6] There does not appear to be a cause of action for Unlawful Foreclosure. The Court takes the position that Plaintiffs intended to assert a claim for Wrongful Foreclosure and will address the dispute as such.

[7] As Plaintiff Avetisyan is not a party to the contract, he lacks standing to sue under this claim.

With respect to RICO claims specifically, the Ninth Circuit has generally applied Rule 9(b) to require "a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991), *cert. denied*, 502 U.S. 1094 (1992). All RICO claims involving fraud must be alleged with particularity under Fed. R. Civ. P. 9(b). *Id.* ("The Ninth Circuit has repeatedly insisted that [Fed. R. Civ. P. 9(b)'s heightened pleading requirement] be followed in RICO actions alleging the predicate act of mail fraud."); *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1400 (9th Cir. 1986) (applying Fed. R. Civ. P. 9(b)'s heightened pleading requirement to allegations of mail and wire fraud). However, the non-fraud aspects of a RICO claim are not subject to Rule 9(b). Gregory P. Joseph, *Civil RICO: A Definitive Guide* 265, 267 (5th ed. 2018) ("Rule 9(b) applies to the allegations of a RICO complaint only to the extent that they sound in fraud.").

Plaintiffs' Complaint describes how Defendants "constituted an 'enterprise' within the meaning of [Section] 1961(4), as they were in fact for the common purpose of executing a fraudulent foreclosure and investment scheme involving Plaintiffs' property and funds. Compl. ¶¶ 203-09. It specifies that Defendants sent "fraudulent foreclosure notices, loan documents, and communications" via U.S. mail and wires to illegally obtain property and funds—in violation of 18 U.S.C. §§ 1341, 1343. *Id.* Despite this, the Complaint lacks the particularity required under Rule 9(b). Plaintiffs appear to group all Defendants together, failing to elaborate on how each Defendant played a role in the alleged RICO violation. *Lancaster Cmty. Hosp.*, 940 F.2d at 405 (emphasis added). The Complaint fails to provide any further detail, at minimum, as to which Defendants contributed to the fraud, or in what way. *See* Compl. ¶¶ 203-09. Although some Defendants are specifically named in the Complaint, one cannot discern which specific Defendants the Complaint intends to refer to as to the RICO allegations. *Id.* As a result, Defendant does not have sufficient notice of its alleged misconduct. Therefore, the Court finds that Plaintiffs have failed to sufficiently plead a cause of action for RICO violations. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court finds reason to dismiss the RICO cause of action as to Defendant with leave to amend.

*9.   Intentional Infliction of Emotional Distress ("IIED")*

Defendant argues that Plaintiffs' IIED allegations fail to set forth what acts Defendant committed and how they were extreme or outrageous. Motion at 17-18.

To establish a tort claim for IIED, a plaintiff must establish: (1) extreme and outrageous conduct by the defendant, (2) intent of causing, or reckless disregard of the probability of causing, emotional distress, (3) severe or extreme emotional distress, and (4) actual and proximate causation of the emotional distress. *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 819-20 (Cal. 1993).

Plaintiffs' Complaint asserts that Defendants engaged in "extreme and outrageous" related to the foreclosure, eviction, loan, and deed of trust. Compl. ¶ 212. Allegedly, these actions were intended to cause severe emotional distress or constituted a reckless disregard of the probability of causing emotional distress—resulting in Plaintiffs "severe emotional distress." *Id.* ¶¶ 213-14. Plaintiffs appear to argue that each Defendant involved in the entire factual circumstances committed IIED. The Complaint, however, merely restates the elements of IIED—without detailing how each Defendant's conduct satisfied each element. *Id.* ¶¶ 212-27. The Complaint does not elaborate on the extreme and outrageous conduct specifically to Defendant. As such, the Court does not find Plaintiffs sufficiently pled facts for their IIED cause of action. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court finds reason to dismiss the IIED cause of action as to Defendant with leave to amend.

*10. Violation of Business and Professional Code 17200*

Defendant asserts that Plaintiffs do not allege any conduct attributable to Defendant. Motion at 20.

California Business and Professional Code 17200 prohibits unlawful, unfair, or fraudulent business acts or practices and any unfair, deceptive, untrue, or misleading advertising. Cal. Bus. & Prof. Code 17200 et seq. The Complaint alleges that "Mona Elalami, Zeyad Elalami, Luxor Funding Group, Inc., and Walid Wasifi engaged in unlawful business acts and practices." Compl. ¶ 163. None of the allegations are directed at Defendant. As such, the Court does not find Plaintiffs sufficiently pled facts for their Violation of Business and Professional Code 17200 cause of action. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court finds reason to dismiss the Violation of Business and Professional Code 17200 cause of action as to Defendant with leave to amend.

### *11. Illegal Eviction*

Defendant argues that the allegations do not meet the heightened Rule 9(b) pleading standards and are not directed at Defendant. Motion at 20.

The Complaint alleges that Defendants Luxor Funding Group, Inc., Zeyad Elalami, and Walif Wasifi, "without obtaining a valid court order for possession, engaged in illegal evictions by" causing Plaintiffs to be removed from the property. Compl. ¶ 194. Plaintiffs cite to California Code of Civil Procedure Sections 1159 to 1179a. *Id.* ¶ 193. Although the Court does not believe an "Illegal Eviction" cause of action exists, Plaintiffs cite to state statutes and explicitly allege "unlawful detainer actions." As such, the Court will address the allegations under those claims.

Section 1159 to 1179a concern unlawful entry into one's property and requirements under unlawful detainer actions. Cal. Code Civ. P. §§ 1159-79a. Plaintiffs express that the writ of possession was obtained through misrepresentation by Defendant Wasifi. Compl. ¶ 45. But there appears to be an absence of an unlawful entry. Additionally, none of the allegations are directed at Defendant. As such, the Court finds Plaintiffs sufficiently pled a cause of action for an unlawful detainer action.

Accordingly, the Court dismisses the Illegal Eviction cause of action as to Defendant with leave to amend.

### ii. <u>Plaintiffs Do Not Have a Private Right of Action As to Several of Their Claims.</u>

### *1. Violation of the Notice Law*

Defendant claims that Plaintiffs do not identify what Notice Law is or allege how Defendant violated it, thereby making it unclear as to what Defendant law is in effect. Motion at 11. Under this cause of action, Plaintiffs allege that Defendant recorded a notice of default and proceeded with a notice of trustee sale, knowing that Plaintiffs were not in default and that they had no lawful authority. Compl. ¶¶ 80-81. Plaintiffs also provide that Defendant's failure to respond to Plaintiffs' written notices and concerns substantiates their unlawful conduct.

The Court is unaware of a private cause of action for "violation of notice law." Aside from a bankruptcy-related stay federal statute, the Complaint does not cite a federal or state statute for which the cause of action is based upon. As such, the Court does not find a private right of action.[8]

Accordingly, the Court finds reason to dismiss the Violation of Notice Law cause of action as to Defendant without leave to amend.

> 2. *Violation of the Disclosure Law; California Financing Law, Cal. Fin. Code § 22000 et seq.*

Defendant argues that these causes of action are regulatory statutes, and do not provide a private right of action. Motion at 18-19.

Plaintiffs' Complaint alleges failures to disclose material information related to Defendants' loans and licensing. Compl. ¶ 90, 99-101. The Complaint also asserts that Defendant refused to respond to Plaintiffs' concerns and Plaintiffs were harmed due to the deprivation of critical information. *Id.* ¶¶ 92-96, 102.

Each cause of action implicates California Financial Code Section 22000 et seq.—a regulatory statute. Cal. Fin. Code § 22000 et seq. And the allegations are not directed at Defendant. As such, Plaintiff has no private right of action as to either cause of action.

Accordingly, the Court finds reason to dismiss the Violation of Notice Law cause of action as to Defendant without leave to amend.

> 3. *Violation of Section 1507 of the S.A.F.E. Act, 12 U.S.C § 5106 & 12 C.F.R. § 1007; Violation of the Nationwide Mortgage License System and Registry*

Defendant asserts that the Secure and Fair Enforcement for Mortgage Licensing Act of 2008 ("S.A.F.E. Act") does not provide a private right of action. Motion at 19.

The Complaint argues that Defendant violated the S.A.F.E. Act by acting as a loan originator in connection with the at issue property without having the proper license. Compl. ¶ 105-06. Although the S.A.F.E. Act provides requirements pertaining to loan originators, the statute does not set forth language granting a private right of action. Rather, it refers parties to several different acts.

---

[8] As Plaintiff Avetisyan is not a party to the contract, he lacks standing to sue under this claim.

*See* 12 U.S.C. § 5101 et seq. As the Complaint cites only the S.A.F.E. Act, without any other statute providing a private right of action, the Court finds that Plaintiffs have failed to sufficiently plead causes of action under the S.A.F.E. Act. *Id.*; Compl. ¶¶ 103-14. And the allegations are not directed at Defendant.

Accordingly, the Court finds reason to dismiss the S.A.F.E. Act causes of action as to Defendant without leave to amend.

### 4. Fraud and Misrepresentation Upon the Federal Housing Administration

Defendant claims that fraud claims upon the Federal Housing Administration ("FHA") do not provide a private right of action. Motion at 19.

"The overall purpose of the FHA mortgage insurance program is to encourage leading lenders, in exchange for a government guarantee of the loan, to extend mortgages to those carrying higher credit risks. . . . Thus, the regulations do not control directly the relationship between the mortgagor and mortgagee and may not be invoked by the mortgagor as a sword in an offensive cause of action against the mortgagee." *Pfeifer v. Countrywide Home Loans, Inc.*, 150 Cal. Rptr. 3d 673, 688 (Cal. Ct. App. 2012).

The Complaint cites to 18 U.S.C. § 1001, alleging that Defendant "engaged in fraud and misrepresentation upon the FHA by submitting false and/or misleading" loan documents. Compl. ¶¶ 116-17. Although the Complaint details the alleged misrepresentation and a party may be fined under Section 1001 for misrepresentations, Plaintiffs' cause of action centers around the FHA. Pursuant to California law, there is no private right of cause of action through the FHA as to the parties' mortgage dispute. And the allegations are not directed at Defendant. As such, Plaintiffs' have not sufficiently pled this cause of action.

Accordingly, the Court finds reason to dismiss the Fraud and Misrepresentation Upon the FHA cause of action as to Defendant without leave to amend.

### 5. Violation of 18 U.S.C. §§ 241, 242, 1001, 1341, 1343, 1621

Defendant contends that Sections 241, 242, 1001, 1341, 1343, and 1621 are "criminal statutes and do not provide a private right of action." Motion at 12-14, 19.

The Complaint asserts that by knowingly and willfully making misrepresentations and engaging in a conspiracy, Defendant violated Sections 241, 242, 1001, 1341, 1343, and 1621. *See generally* Compl,

Sections 241, 242, 1001, 1341, 1343, and 1621, however, are criminal statutes and thus, can only be brought by the government. *See* 18 U.S.C. §§ 241, 242, 1001, 1341, 1343, 1621. They do not provide a private right of action. *Id.* As such, Plaintiffs' have not sufficiently pled these causes of action.[9]

Accordingly, the Court finds reason to dismiss the Violation of 18 U.S.C. §§ 241, 242, 1001, 1341, 1343, and 1621 causes of action as to Defendant without leave to amend.

### 6. *Fraud and Misrepresentation Under Senate Bill 1079*

Defendant advances that there is no private right of action for this cause of action. Motion at 15-16, 20.

The Complaint alleges violations of senate bill 1079 due to Plaintiffs' "fraud and misrepresentation regarding SB 1079 by representing that they would comply with the post-sale rights and notice provisions mandated under California Civil Code § 2924m." Compl. ¶ 187. As argued by Defendant, senate bill 1079 does not confer a private right of action. Even if it did, Plaintiffs have failed to meet the Rule 9(b) particularity standards to properly plead the claimed fraud. Plaintiffs generally assert that Mona Elalami, Zeyad Elalami, Luxor Funding Group, Inc., and Walid Wasifi violated senate bill 1079 without detailing particular violative acts committed by Defendant. *Id.* ¶ 187. None of the allegations are directed at Defendant. As such, the Court finds that Plaintiffs have failed to sufficient plead their senate bill 1079 cause of action.

Accordingly, the Court finds reason to dismiss the senate bill 1079 causes of action as to Defendant without leave to amend.

### 7. *Violation of Ponzi Schemes*

Defendant contends that the allegations are not directed at Defendant and that they fail to meet Rule 9(b) pleading standards. Motion at 20.

---

[9] As Plaintiff Avetisyan is not a party to the contract, he lacks standing to sue under the Section 1341 and 1343 claims.

Plaintiffs' Complaint alleges violations of California Penal Code Section 532, the Federal Securities Act of 1933, and the Securities Exchange Act of 1934 based on Defendants Luxor Funding Group, Inc.'s and Zeyad Elalami's alleged misrepresentations and "[s]oliciting Plaintiffs to invest or participate in purported secured real estate transactions." Compl. ¶ 199. First, California Penal Code Section 532 is a criminal statute and thus, does not provide a private right of action. Second, none of the allegations are directed at Defendant. Third, the Complaint fails to specify the relevant section under either statute or detail the violative acts as to each Defendant. As a result, Defendant does not have sufficient notice of Defendant's alleged misconduct. Therefore, the Court finds that Plaintiffs have failed to sufficiently plead a cause of action for Ponzi Scheme violations. Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court finds reason to dismiss the Ponzi Scheme cause of action as to Defendant without leave to amend.

### B.  The Court Lacks Subject Matter Jurisdiction.

As the Court does not find a single federal cause of action properly pled, there is no federal question jurisdiction. 28 U.S.C. § 1331. The Court will address the existence of federal diversity jurisdiction.

Defendant argues that the parties lack complete diversity because the Plaintiffs and Defendant are California residents. Motion at 5-7. Because the Complaint claims that Plaintiffs and Defendant reside in California, the parties are not diverse under 28 U.S.C. § 1332. Compl. ¶¶ 1, 5. Therefore, there is no basis for federal diversity jurisdiction.

Accordingly, the Court finds reason to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction.

### III.    Conclusion

For the reasons stated herein, Defendant's Request for Judicial Notice is GRANTED (Dkt. No. 27-2) and Defendant's Motion to Dismiss (Dkt. No. 27) is GRANTED. The Court ORDERS as follows:

1.  Plaintiffs' cause of action for fraud and misrepresentation is DISMISSED WITH LEAVE TO AMEND;

2. Plaintiffs' cause of action for fraud in factum is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

3. Plaintiffs' cause of action for Illegal Eviction is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

4. Plaintiffs' cause of action for violation of notice law is DISMISSED WITHOUT LEAVE TO AMEND;

5. Plaintiffs' cause of action for violation of disclosure law is DISMISSED WITHOUT LEAVE TO AMEND;

6. Plaintiffs' cause of action for violation of California Financial Code § 22000 et seq. is DISMISSED WITHOUT LEAVE TO AMEND;

7. Plaintiffs' cause of action for violation of the S.A.F.E. Act is DISMISSED WIT;HOUT LEAVE TO AMEND

8. Plaintiffs' cause of action for violation of the National Mortgage Licensing Act and Registry System is DISMISSED WITHOUT LEAVE TO AMEND;

9. Plaintiffs' cause of action for fraud and misrepresentation upon the FHA is DISMISSED WITHOUT LEAVE TO AMEND;

10. Plaintiffs' cause of action for violation of 42 U.S.C. § 1986 is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

11. Plaintiffs' cause of action for violation of 18 U.S.C. §§ 241 and 242 is DISMISSED WITHOUT LEAVE TO AMEND;

12. Plaintiffs' cause of action for violation of 18 U.S.C. § 1001 is DISMISSED WITHOUT LEAVE TO AMEND;

13. Plaintiffs' cause of action for violation of 18 U.S.C. § 1621 is DISMISSED WITHOUT LEAVE TO AMEND;

14. Plaintiffs' cause of action for violation of 18 U.S.C. § 1341 is DISMISSED WITHOUT LEAVE TO AMEND;

15. Plaintiffs' cause of action for violation of 18 U.S.C. § 1343 is DISMISSED WITHOUT LEAVE TO AMEND;

16. Plaintiffs' cause of action for violation of California Business and Professional Code § 17200 is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

17. Plaintiffs' cause of action for usury is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

18. Plaintiffs' cause of action violation of California Senate Bill 1079 is DISMISSED WITHOUT LEAVE TO AMEND;

19. Plaintiffs' cause of action for fraud and misrepresentation upon California Senate Bill 1079 is DISMISSED WITHOUT LEAVE TO AMEND;

20. Plaintiffs' cause of action for violation of ponzi schemes is DISMISSED WITHOUT LEAVE TO AMEND;

21. Plaintiffs' cause of action for violation of the RICO Act is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

22. Plaintiffs' cause of action for IIED is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall have ninety days to amend the claim and failure to do so may warrant dismissal without further warning;

23. The Court lacks federal subject matter jurisdiction; and

24. The deadline for Plaintiffs to file an Amended Complaint shall be ninety (90) days from this Order. The Amended Complaint may include the following claims:

    a.  Fraud;

    b.  Fraud in Factum;

    c.  Violation of 42 U.S.C. 1986;

    d.   Usury;

    e.   Violation of the RICO Act;

    f.   Illegal Evicition;

    g.   California Business and Professional Code § 17200; and

    h.   Intentional Infliction of Emotional Distress.

## IV.    Resources for Pro Se Litigants

Although Plaintiffs are proceeding pro se, i.e., without legal representation, she nonetheless is required to comply with Court orders, the Local Rules, and the Federal Rules of Civil Procedure. See C.D. Cal. L.R. 83-2.2.3. The Local Rules are available on the Court's website, http://www.cacd.uscourts.gov/court-procedures/ local-rules.

The Court cannot provide legal advice to any party, including pro se litigants, i.e., parties who are not represented by a lawyer. There is a free "Pro Se Clinic" that can provide information and guidance about many aspects of civil litigation in this Court.

- Public Counsel runs a free Federal Pro Se Clinic where pro se litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012 (note that the clinic may not be open for in-person appointments during the pandemic). Pro se litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.

- Public Counsel also has extensive resources for pro se litigants at its website located at https://publiccounsel.org/services/federal-court/.

- The Court is also informed that the LA Law Library, located across the street from the First Street Courthouse at 301 W. First Street, Los Angeles, CA 90012, also has extensive resources for pro se litigants. The LA Law Library can be reached via email at reference@lalawlibrary.org, or via telephone at (213) 785-2513.

IT IS SO ORDERED.

Dated: March 25, 2026

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

25